### 21397

Jake BROWN, d/b/a Brown's Air Conditioning and Refrigeration Service and Odell Williams, Petitioners, v. Sadie Pierce JOHNSON, Respondent. Sadie Pierce JOHNSON, Respondent and Third Party Petitioner, v. GRANITE STATE INSURANCE COMPANY and General Adjustment Bureau, a/k/a GAB, Third Party Respondents-Appellants.

(275 S. E. (2d) 876)

*Grimball, Cabaniss, Vaughan & Guerard,* Charleston, *for appellants.*

*Charles E. Houston, Jr.,* Walterboro, *for respondent.*

March 2, 1981.

LITTLEJOHN, Justice:

The sole issue in this appeal is whether the trial judge erred in awarding attorney fees to counsel for Sadie Pierce

Johnson, an insured person, under the provisions of § 38-9-320, *Code of Laws of South Carolina* (1976). That section provides, in relevant part, as follows:

"(1) In the event of a claim, loss or damage which is covered by a policy of insurance or a contract of a nonprofit hospital service plan or a medical service corporation and the refusal of the insurer, plan or corporation to pay such claim within ninety days after a demand had been made by the holder of the policy or contract and a finding on suit of such contract made by the trial judge of a county court or court of common pleas that such refusal was without reasonable cause or in bad faith, the insurer, plan or corporation shall be liable to pay such holder, in addition to any sum or any amount otherwise recoverable, all reasonable attorneys' fees for the prosecution of the case against the insurer, plan or corporation . . ."

The insured, Sadie Pierce Johnson, experienced a fire damage property loss while insured by defendant Granite State Insurance Company, whose adjuster is defendant General Adjustment Bureau. An action was brought by the building contractor against Johnson for the repair costs. Johnson, in turn, initiated a third-party action against her insurer for failure to cover the cost of repair. The insurer thereafter, but before final judgment, settled with the contractor its action against Johnson. Johnson then moved to require her insurer and its adjuster to pay attorney's fees incurred by her in the proceedings. The trial court found bad faith on the part of the insurer and awarded attorney fees in the amount of $700.00. Both the insurance company and the adjuster have appealed.

The basis of the appeal is set forth in two exceptitons, as follows:

"1. The Court erred as a matter of law in awarding Attorneys fees contrary to Sectiton 38-9-320, *Code of Laws of South Carolina* (1976), as amended, when the case was

settled prior to a trial with no judgment being rendered in favor of Respondent.

2. The Court erred as a matter of law in awarding Attorneys fees based upon his conclusion of bad faith conduct on behalf of Appellants when there was no record before him to support such a conclusion."

The insurance company, in keeping with the first exception, would have this court hold that attorney fees may never be awarded when and if a case is settled prior to trial judgment by the court and/or a jury. This we decline to do.

By the second exception, the insurance company appellant submits that there was no evidence before the lower court from which an inference of bad faith may be drawn. We agree.

The following is taken from the brief of counsel for the insured:

"The Court in reviewing the record of the proceedings were (*sic*) furnished with the following items: (1) a copy of the original complaint upon a mechanics lien, (2) the answer and third party complaint by the Respondent, (3) the answer of the Third Party Respondent, (4) a letter of offer of settlement by the Respondent/Third Party Petitioner's attorney for the sum of $3,500.00, (5) the 'Receipt and Release' for $3,336.00 given to the original petitioner by the Third Party Respondents, and (6) an Order of Discontinuance signed by the Clerk of Court. These documents adequately furnish the Court with factual evidentiary references."

All of these are before the court with the exception of the original complaint. From a review of these documents, we find no evidence which could serve as a basis of a finding of bad faith. Allegations of bad faith in a complaint, but denied in an answer, do not tend to prove facts. If counsel possibly made oral statements to the judge,

factual in nature, which served as a basis for his ruling, we can only say that argument of counsel is not a substitute for evidence.

    The granting of attorney fees under the statute involves a matter of discretion, but discretion may not be exercised without a factual basis. We find that the trial judge simply did not have before him any evidence to support his finding.

The order of the lower court is

Reversed.

LEWIS, C. J., and NESS, GREGORY and HARWELL, JJ., concur.