24128

George Gregory STRONG, Appellant v. UNIVERSITY OF·SOUTH CAR-OLINA SCHOOL OF MEDICINE and Richland Memorial Hospital, Respondents.

(447 S.E. (2d) 850)

Supreme Court

*Lon H. Shull, III*, Mt. Pleasant, and *John K. Koon*, Columbia, *for appellant.*

*Charles E. Carpenter, George C. Beighley*, and *Deborah L. Harrison, Richardson, Plowden, Grier and Howser*, Columbia, *for respondent University of SC School of Medicine.*

*Angela Henry*, of *McKay, McKay, Henry & Foster*, Columbia, *for respondent Richland Memorial Hosp.*

Heard June 9, 1994.

Decided July 18, 1994.

TOAL, Justice:

Gregory Strong ("Plaintiff") underwent several eye operations performed by Dr. Ferguson, an employee of the University of South Carolina School of Medicine ("Medical School"). The first operation took place on July 27, 1988. The Plaintiff was blind after the third operation on May 11, 1989. Dr. Ferguson performed a fourth surgery on the Plaintiff's eye in June 1989.

Dr. Thomas Martin, physician colleague of Dr. Ferguson, assisted Dr. Ferguson in the May 11, 1989 surgery. On June 23, 1989, Dr. Martin noted in Plaintiff's record that his condition was due to poor follow-up care. The Plaintiff contacted an attorney sometime thereafter. Plaintiff's medical records were received by his attorney in February 1991. The Plaintiff filed the subject action on May 11, 1992. The Plaintiff claims that the respondents were negligent in their postoperation follow-up treatment. The parties agree that the applicable statute of limitations is two years.

The respondents filed a motion for summary judgment, claiming the statute of limitations had run on the Plaintiff's action. The trial court granted summary judgment to both respondents. The trial court held that the statute of limitations began to run in May or June of 1989 when the Plaintiff knew he was blind.

## LAW/ANALYSIS

The Plaintiff claims that the statute begins to run when he discovered that (1) he had an injury and (2) the injury was caused by the he negligence of a third party. The Plaintiff contends he did not know he had a compensable injury until his medical records were forwarded to his attorney in February 1991.

Historically, a cause of action accrued at the time of the negligence. 1 David W. Louisell and Harold Williams, *Medical Malpractice* ¶ 13.02 (1993). South Carolina has altered this rule by adopting the "discovery" rule. S.C. Code Ann. § 15-3-545. Under the discovery rule, an action accrues

when the injury is discovered or "reasonably ought to have been discovered." Id. The "reasonably ought to have been discovered" requirement is the "reasonable diligence" requirement. This Court has held

> [t]he exercise of reasonable diligence means simply that an injured party must act with some promptness where the facts and circumstances of the injury would put a person of common knowledge on notice that some right of his has been invaded or that some claim against another party might exist. The statute of limitations begins to run from this point and not when advice of counsel is sought or a full blown theory of recovery is developed.

*Snell v. Columbia Gun Exchange, Inc.*, 276 S.C. 301, 333, 278 S.E. (2d) 333, 334 (1981).

The Plaintiff claims that the follow-up care provided by the Medical School physicians caused his loss of sight. The Medical School ceased follow-up care in June 1989. The Plaintiff claims that the statute of limitations did not begin to run at the time the follow-up care ceased; rather, the Plaintiff claims the statute limitations began to run in February 1991. In making this claim, Plaintiff argues that because of his educational background and blindness, the statute of limitations should not begin to run until his attorney reviewed the medical records. Plaintiff's blindness was known to Plaintiff in May 1989. The cause of the injury was readily discoverable by a "person of common knowledge" through reasonable diligence by at least June 1989 when Dr. Martin noted in Plaintiff's medical records that Plaintiff's blindness was due to poor follow-up care. *See Id.* Thus, we find no merit to this claim.

Next, Plaintiff claims that the Medical School fraudulently concealed the negligent follow-up treatment of the Plaintiff. "[T]he practically universal rule is that deliberate acts of deception by a defendant calculated to conceal from a potential plaintiff that he has a cause of action, thereby inducing him to postpone institution of suit will be held to toll the statute." 1 David W. Louisell and Harold Williams, *Medical Malpractice* ¶ 13.03 p. 13-67 (1993). The fraudulent concealment defense to the statute of limitations flows from the patient-physician relationship. When the relationship ends, the duty to disclose, which is the basis of fraud-

ulent concealment claim, ceases to exist absent extenuating circumstances such as the withholding or altering of plaintiff's medical records. *Thames v. Dennison,* 821 S.W. (2d) 380 (Tex. App. 1991); *see also O'Neal v. Throop,* 596 N.E. (2d) 984 (Ind. Ct. App. 1992) (when physician-patient relationship terminates, the constructive fraud terminates and the statute of limitations begins to run). The doctor-patient relationship between the Plaintiff and the respondent ended in June 1989. There are no allegations of circumstances created by the respondent to prevent Plaintiff's discovery of the facts. Thus, constructive fraud on the part of the Medical School, if any, ended by June 1989. We AFFIRM.

HARWELL, C.J., CHANDLER and MOORE, JJ., and C. TOLBERT GOOLSBY, Jr., Acting Associate Justice, concur.