24332

A. Karen KREUTNER, Appellant v.
Dan M. DAVID and Robert W. Browning, Respondents.

(465 S.E. (2d) 88)

Supreme Court

A. *Camden Lewis* and *Thomas A. Pendarvis*, both of *Lewis, Babcock and Hawkins*, Columbia, *for appellant.*

*Susan Taylor Wall* and *Joseph R. Weston*, both of *Holmes & Thomson*, Charleston, *for respondents.*

Heard Apr. 18, 1995.

Decided Oct. 16, 1995; Reh. Den. Dec. 19, 1995.

FINNEY, Chief Justice:

The circuit court granted respondent David's summary judgment motion, finding appellant Kreutner's suit for breach of fiduciary duty barred by the statute of limitations. Kreutner appeals. We affirm.

Browning owned a Charleston health club. Kreutner was recruited to loan Browning $50,000 to build a pool at the club. David, an attorney, "vouched" for Browning's creditworthiness, and offered as additional security for the loan a mortgage on three Florida lots owned by Browning. In a letter dated July 29, 1983, David wrote Kreutner's attorney stating he would record the mortgage and return it to the attorney along with a title insurance policy certifying Kreutner's first lien if Kreutner made the loan.

On *October 5, 1983*, Kreutner and Browning entered into a loan agreement. Under the agreement, Kreutner's $50,000 went into David's escrow account to be disbursed upon certain conditions.[1] In *February 1984* David wrote Kreutner's attorney indicating (1) Browning was asking for the money and (2) the mortgage was "in the process of being recorded" and would be forwarded as soon as David received it back. David never sent the mortgage nor the title policy but did disburse the money to Browning on February 24, 1984. In *October 1984*, Kreutner's attorney wrote a letter of concern to David seeking a full accounting of the $50,000, and "the originals of the note, mortgages [sic], and Title Policy which you were

---

[1] The recording of the mortgage is not mentioned in this agreement as a condition.

supposed to obtain before disbursing the money to Mr. Browning." David did not respond to this letter.

In February 1985, attorney Kahn[2] wrote Browning and David asking for copies of the "documentation which reflects Dr. Kreutner is fully protected on the $50,000 loan. . . ." There was again no response. Kahn wrote David seeking the same information on *March 5, 1985, April 4, 1985, April 22, 1985, April 30, 1985, May 8, 1985,* and *June 1, 1985.* By letter dated *June 15, 1985,* Kahn threatened litigation.

David never sent Kahn or Kreutner any documents until *May 1986* when he turned over the original mortgage, which bore no recording stamps or marks. No title policy was ever produced, nor could one be since the mortgage was never recorded. In *March 1989,* a title search revealed there was no recorded mortgage.

Kreutner brought this suit in *October 1992,* alleging among other causes of action that David was "professionally negligent" in breaching his fiduciary duty as escrow agent to record the mortgage prior to disbursing the loan funds. The trial judge granted David summary judgment, finding the six-year statute of limitations ran in May 1992 because that is six years from when David sent Kahn the original documents, and from the date when the fiduciary relationship between Kreutner and David ceased to exist.

Summary judgment is appropriate where it is clear there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Southern Nat'l Bank v. Lanford,* 313 S.C. 540, 443 S.E. (2d) 549 (1994). The statute of limitations on a negligence claim accrues at the time of the negligence,[3] or when facts and circumstances would put a person of common knowledge on notice that he might have a claim against another party (discovery rule). *Strong v. University of South Carolina School of Medicine,* 316 S.C. 189, 447 S.E. (2d) 850 (1994). The date on which discovery should have been made is an objective, not subjective, question. *Wiggins v. Edwards,* 314 S.C. 126, 442 S.E. (2d)

---

[2] Appellant argues there is a factual dispute whether Kahn was acting as her attorney or simply as her friend. Since he was clearly acting as her agent, it is irrelevant whether he was also her attorney.

[3] February 24, 1984, when the funds were disbursed without first recording the mortgage.

169 (1994). Here, Kreutner is operating under the discovery rule, arguing she did not know she might have a claim against David until March 3, 1989, when a title search revealed no recorded mortgage. She also argues that the date the fiduciary relationship ended is irrelevant to the discovery issue.

We agree that the date the relationship ended is irrelevant. This Court may affirm, however, for any reason appearing in the record. Rule 220(c), SCACR. The evidence is overwhelming that "a person of common knowledge" should have known she might have a claim against David by June 1985, when he had stonewalled more than *nine requests* for the mortgage and title policy. *Strong, supra; Wiggins, supra.* By that time, Browning had not repaid the loan, and David would not provide the mortgage or title policy.

Further, the facts that the original mortgage was unmarked when sent in May 1986, and was not accompanied by the title policy should have put a reasonable person on notice something was awry. The dissent contends that since the mortgage was supposed to have been recorded in Florida, and both Kreutner and Kahn were unfamiliar with Florida re-cording procedures, they were not reasonably on notice about any recording problem despite the "pristine" condition of the original mortgage. In finding Kreutner should have discovered the deception by May 1986 at the latest, however, we rely not only on the state of the mortgage, but also on David's failure for over *eighteen months* (October 1984-May 1986) to produce the mortgage despite repeated requests, and his failure to ever produce a title insurance policy.

Alternatively, Kreutner asserts her reliance on *Browning's* repeated promises to pay equitable estops *David* from relying on the statute of limitations. We disagree.

While Browning's conduct may estop Browning, it does not estop David. There is nothing to indicate David ever claimed the mortgage had actually been recorded. *Wiggins, supra.* There is no estoppel on this issue, nor in light of David's and Browning's repeated unfulfilled promises can it be said that any reliance on their assurances was reasonable. Summary judgment was properly granted on the estoppel claim. *See Vines v. Self Memorial Hosp.*, 314 S.C. 305, 443 S.E. (2d) 909 (1994).

We do not condone David's conduct in this matter. None-

theless, we affirm the grant of summary judgment because the statute of limitations has expired. *Strong, supra; Vines, supra;* Rule 220(c), SCACR.

Affirmed.

TOAL and MOORE, JJ., and A. LEE CHANDLER, Acting C.J., concur.

WALLER, J., dissenting in separate opinion.

WALLER, Justice:

I respectfully dissent. In my opinion, it was for the jury to determine whether Kreutner acted with reasonable diligence in discovering she had a cause of action against David.

A cause of action accrues when an injury is discovered or "reasonably ought to have been discovered." *Strong v. S.C. School of Medicine,* 316 S.C. 189, 447 S.E. (2d) 850 (1994). The "reasonably ought to have been discovered" requirement is a "reasonable diligence" standard. The exercise of reasonable diligence means simply that an injured party must act with some promptness where the facts and circumstances would put a person of common knowledge on notice that some right has been invaded or that some claim against another party might exist. *Id.* The reasonableness of a party's actions in discovering a claim is an issue to be decided by the jury. *Santee Portland Cement v. Daniel Int'l Corp.,* 299 S.C. 269, 384 S.E. (2d) 693 (1989).

Here, David maintained throughout that he **was having the mortgages recorded** and would forward them to Kreutner.[1] He nonetheless returned the mortgages to her in 1986, never advising that they had not, in fact, been recorded. David contends the fact the mortgages were returned to Kreutner **unmarked** in 1986 should have put her on notice they were unrecorded. I disagree. In my opinion, a person of common knowledge would not know the requirements of recording a mortgage recorded in compliance therewith, Moreover, a jury could find, consistent with David's assurances, that a reasonable person would have believed the mort-

---

[1] In my view, the fact that David repeatedly "stonewalled" Kreutner's requests was insufficient to put her on notice that he had failed to record the mortgage.

gage under Florida law, and would not be expected to recognize a mortgages recorded in compliance therewith. Moreover, a jury could find, consistent with David's assurances, that a reasonable person would have believed the mortgages had been recorded until the 1989 title search revealed otherwise.

Summary judgment is proper only when it is clear there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *Koester v. Carolina Rental Center*, 313 S.C. 490, 443 S.E. (2d) 392 (1994); Rule 56(c), SCRCP. The evidence and all inferences which can be reasonably drawn from the evidence must be viewed in the light most favorable to the nonmoving party. Even when there is no dispute as to the evidentiary facts, but only as to the conclusions or inferences to be drawn from them, summary judgment should be denied. *Id.*

In my opinion, there is a genuine issue as to when Kreutner knew, or should have known, she had a claim against David. I would reverse the grant of summary judgment and hold that the issue was one for the jury.