476 S.E.2d 692

Neils CHRISTENSEN, III, Appellant,

v.

J. Thomas MIKELL and Chicago Title Insurance Company, Respondents.

No. 24494.

Supreme Court of South Carolina.

Heard Feb. 20, 1996.

Decided Sept. 23, 1996.

Rehearing Denied Oct. 18, 1996.

James Lee Murphy, of Hilton Head Island, for appellant.

Susan Taylor Wall and Kelley M. Braithwaite, Holmes & Thomson, LLP, Charleston, for respondent Mikell.

Kevin F. McDonald, Callison, Tighe, Robinson & Anastasion, Columbia, for respondent Chicago Title Insurance Company.

FINNEY, Chief Justice.

Appellant Christensen brought this action against respondents alleging attorney malpractice and breach of contract. The appealed order granted summary judgment on the grounds that appellant's action was barred by the applicable statute of limitations and the breach of contract claim failed to state facts sufficient to constitute a cause of action. We affirm.

Appellant's partnership, C & C Investment (C & C), purchased three parcels of land in 1977. Respondent Mikell represented C & C at the closing in the purchase of two of the parcels, the 98 acre and 28 acre tracts, but was not the closing attorney on the 14 acre tract which is the subject of this action. Mikell issued a Chicago Title Insurance policy which described the 98 acre and 28 acre tracts. The deed to the 14 acre tract was prepared by appellant and witnessed by someone other than Mikell.

In 1986 Frank Flood filed a lawsuit against C & C partnership alleging there was a fraudulent conveyance because of a prior forgery in the chain of title of the 14 acre tract. Flood sought to have the land revert back to the previous owner. Appellant hired Mikell to defend this action. C & C was ultimately unsuccessful in the lawsuit and the court awarded the 14 acres to Flood. C & C then purchased the land from Flood. On April 14, 1993, appellant commenced this action alleging Mikell was negligent in failing to obtain title insurance on the 14 acre parcel and in pursuing a claim against the title insurance company. Appellant filed an amended complaint on February 16, 1994, naming Chicago Title as an additional defendant. Appellant claimed Chicago Title breached the contract by denying coverage under the title insurance policy.

Summary judgment is appropriate where it is clear there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Kreutner v. David*, 320 S.C. 283, 465 S.E.2d 88 (1995). A negligence cause of

action arising or accruing prior to April 5, 1988, must be commenced within six years after the person knew or by the exercise of reasonable diligence should have known that he had a cause of action. S.C.Code Ann. §§ 15–3–530, –535 (Supp.1995).

The judge found appellant knew as early as March 1986 he did not have title insurance on the 14 acres, despite his expectation that he had coverage since 1977. Accordingly, he was on inquiry notice by March 1986 that he may have a potential claim against Mikell. The statutory limitations period begins to run when a person could or should have known, through the exercise of reasonable diligence, that a cause of action might exist in his or her favor, rather than when a full-blown theory of recovery is developed. *Snell v. Columbia Gun Exchange, Inc.*, 276 S.C. 301, 278 S.E.2d 333 (1981). Even if appellant did not know the exact nature of the wrong or the extent of the damages in 1986, he should have known that his expectation of title insurance coverage had not been met by Mikell. The record demonstrates there is no genuine issue of material fact regarding when appellant reasonably should have discovered he did not have title insurance coverage on the 14 acres. Therefore, the court properly granted summary judgement in Mikell's favor.

The court decided that appellant's breach of contract action against Chicago Title could not survive summary judgment based on failure to state facts sufficient to constitute a cause of action. Rule 12(b)(6), SCRCP. The title insurance policy expressly covered only the 98 and 28 acre parcels. The policy does not refer to the 14 acre tract. Therefore, Chicago Title could not have breached a contract to handle appellant's claim against Flood when there was no coverage for the 14 acres. In light of the plain language of the policy, there is no issue of material fact concerning existence of a contract covering the 14 acres. The court properly granted Chicago Title's motion for summary judgment. *Kreutner, supra.*

Appellant contends the judge erred by not recusing himself because the case involved malpractice of a prominent attorney from the same circuit as the judge and to avoid the appearance of impropriety and impartiality a judge from another circuit should have been assigned.

To compel recusal, the alleged bias of the judge must be personal, as distinguished from judicial, in nature. *United States v. Carmichael,* 726 F.2d 158 (4th Cir.1984). A judge should disqualify himself in a proceeding in which his impartiality might reasonably be questioned. Canon 3(C)(1) of the Code of Judicial Conduct, Rule 501, SCACR. If there is no evidence of judicial prejudice, a judge's failure to disqualify himself will be affirmed. *Ellis v. Procter & Gamble Dist. Co.,* 315 S.C. 283, 433 S.E.2d 856 (1993). It is not enough for a party to allege bias; a party seeking disqualification of a judge must show some evidence of bias or prejudice. *Lyvers v. Lyvers,* 280 S.C. 361, 312 S.E.2d 590 (Ct.App.1984). Appellant offered no evidence to support his claim of partiality. Accordingly, the trial judge properly denied the Motion to Recuse.

For the foregoing reasons, this matter is

**AFFIRMED.**

TOAL, WALLER and BURNETT, JJ., and KAYE G. HEARN, Acting Associate Justice, concur.