489 S.E.2d 921

**AMERICAN HEART ASSOCIATION, South Carolina Affiliate, Inc., and the American Cancer Society, South Carolina Division, Inc., Appellants,**

v.

**COUNTY OF GREENVILLE, the Honorable C. Diane Smock, in her official capacity as the Probate Judge of Greenville County, and the State of South Carolina, Respondents.**

No. 24685.

Supreme Court of South Carolina.

Heard Feb. 6, 1997.

Decided Sept. 2, 1997.

D. Garrison Hill and Leo H. Hill, both of Hill Wyatt & Bannister, L.L.P., Greenville, for appellants.

County Attorney Judith S. Burk and Assistant County Attorney Jeffrey D. Wile, Greenville, for respondents County of Greenville, and the Honorable C. Diane Smock.

Attorney General Charles Molony Condon, Deputy Attorney General Treva Ashworth and Senior Assistant Attorney General Kenneth P. Woodington, Columbia, for respondent State of South Carolina.

H. Simmons Tate, Jr., of Sinkler & Boyd, P.A., Columbia and H. Bartholomew Cox, Fort Washington, Maryland, for amicus curiae petitioner The Manuscript Society.

FINNEY, Chief Justice:

Appellants commenced this action requesting a declaration that the original will and signature of "Shoeless Joe" Jackson is an asset of his estate and therefore, devised to his wife

(Katie Jackson) and ultimately to appellant charities.[1] Appellants are seeking ownership and possession of the tangible will. Additionally, appellants allege that respondents' claim of ownership and possession constitute a taking of appellants' property without just compensation. All parties moved for summary judgment on the basis that there were no genuine issues of material fact and each side was entitled to judgment in its favor as a matter of law. The court granted summary judgment in respondents' favor and denied appellants' motion. Following a hearing, the circuit court declared the original will is the property of Greenville County or alternatively, the State of South Carolina. Appellants, the residual beneficiaries of Katie Jackson's estate, appeal the trial court's order.

Appellants contend the trial court erred in granting respondents' summary judgment motion. Appellants assert a will is a person's personal property since individuals may during their lifetime own, possess, use, enjoy, and dispose of their will any way they see fit and upon death, the will becomes part of one's estate passing directly to the personal representative. We disagree.

 Summary judgement is appropriate when it is clear there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Kreutner v. David,* 320 S.C. 283, 465 S.E.2d 88 (1995). The trial court ruled that the Jackson will is a public record and must remain in the care, custody and control of the Probate Court. The court held the original will constitutes a public record pursuant to S.C.Code Ann. § 30–4–20(c) (1991). The circuit court concluded that original wills, which are required by state law to be filed with the Probate Court, constitute "public records."[2] "Public record" under the Freedom of Information Act includes all papers, or other documentary materials regardless of physical form or characteristics prepared, owned, used, in the possession of, or retained by a public body. § 30–4–20(c). The court determined that the probate code neither intends

---

1. Mr. Jackson's original signature is considered extremely rare and valuable.

2. S.C.Code Ann. § 62–2–901 (Supp.1996) provides that persons having possession, custody, or control of any last will and testament must deliver such will to the probate court within thirty days of death.

nor provides that the deliverer of a will, even if a devisee under it, gain ownership in the actual document. Further, the circuit court considered the records retention policy as ordered by this Court which provides for the permanent retention of original documents from decedent estates.

We find Mrs. Jackson never owned the original will and therefore could not pass ownership of the document to appellants. The trial court did not err in concluding the will is a public record subject to retention by the county or State and hence there was no unconstitutional taking of private property.

The trial court's judgment is

AFFIRMED.

TOAL, MOORE, WALLER and BURNETT, JJ., concur.