**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Keith Roberts and Lot 12 Yellow House, LLC,
Appellants,

v.

Randall J. Drew, Respondent.

Appellate Case No. 2013-000020

———————————

Appeal From Charleston County
W. Jeffrey Young, Circuit Court Judge

———————————

Unpublished Opinion No. 2014-UP-292
Heard February 20, 2014 – Filed July 16, 2014

———————————

**AFFIRMED**

———————————

Thomas A. Pendarvis and Catherine Brown Kerney, both
of Pendarvis Law Offices, PC, both of Beaufort, for
Appellants.

David W. Overstreet and Andrew W. Countryman, both
of Carlock Copeland & Stair, LLP, both of Charleston,
for Respondent.

**PER CURIAM:** Keith Roberts and Lot 12 Yellow House, LLC (collectively
referred to as Roberts) appeal the circuit court's grant of respondent Randall J.
Drew's motion for summary judgment in this legal malpractice action. Roberts

argues the circuit court improperly granted Drew's motion for summary judgment, as the circuit court erred in (1) determining that the statute of limitations barred his claim, (2) failing to find Drew equitably estopped from claiming the statute of limitations as a defense, and (3) making erroneous findings of fact, which collectively served to distort the record and cause mistaken conclusions of law.[1]

1.      We find the circuit court did not err in determining that the statute of limitations barred Roberts's claim.  The statute of limitations for a legal malpractice action is three years.  S.C. Code Ann. § 15–3–530(5) (2005) (stating the statute of limitations for "an action for assault, battery, or any injury to the person or rights of another, not arising on contract and not enumerated by law" is three years); *see also Berry v. McLeod,* 328 S.C. 435, 444, 492 S.E.2d 794, 799 (Ct. App. 1997) (finding section 15–3–530(5) provides a three-year statute of limitations for legal malpractice actions).  "According to the discovery rule, the statute of limitations begins to run when a cause of action reasonably ought to have been discovered."  *Dean v. Ruscon Corp.*, 321 S.C. 360, 363, 468 S.E.2d 645, 647 (1996).  "This determination is objective, rather than subjective.  As such, the question is not whether the particular plaintiff in this case actually knew [he] had a claim."  *Martin v. Companion Healthcare Corp.*, 357 S.C. 570, 576, 593 S.E.2d 624, 627 (Ct. App. 2004) (internal citation omitted).  "Rather, courts must decide whether the circumstances of the case would put a person of common knowledge and experience on notice that some right of his has been invaded, or that some claim against another party might exist."  *Young v. S.C. Dep't of Corr.,* 333 S.C. 714, 719, 511 S.E.2d 413, 416 (Ct. App. 1999).  In his complaint, Roberts contended Drew had a duty to advise him that the title to Lot 12 was "not good and not marketable."  Roberts's complaint alleged his title to Lot 12 was "unmarketable because Plaintiffs' acquisition of the subject property is, was, and actually did subject Plaintiffs to litigation on the claims of others who have outstanding property interests."[2]  Roberts testified he was aware prior to May 5, 2008, of the

---

[1] Roberts's brief identified six issues upon which the circuit court allegedly erred. We have consolidated those six issues into three in the interest of brevity and clarity.

[2] At oral argument, Roberts argued that Drew failed to advise him of the validity of the Navy's claim.  However, at the time Roberts commenced this malpractice action, Roberts was contesting the Navy's claim in federal court.  In a deposition in this case, Roberts stated "I still believe that we are right" regarding his dispute with the Navy.

problematic dock issue arising from the Navy's claim of marshland adjacent to Lot 12. Roberts also testified he was aware prior to May 5, 2008, of multiple communications in which the Navy threatened to pursue legal action regarding his dock.[3] As all of the evidence within the record reveals that Roberts was aware prior to May 5, 2008, that his acquisition of Lot 12 subjected him to potential litigation on the claims of others with outstanding property interests, the circuit court did not err in concluding Roberts should have known Drew's advice was incorrect.[4] Thus, the three-year statute of limitations for this legal malpractice action had already expired when Roberts filed this claim on May 5, 2011. *See Martin*, 357 S.C. at 575, 593 S.E.2d at 627 ("[T]he three-year clock starts ticking on the 'date the injured party either knows or should have known by the exercise of reasonable diligence that a cause of action arises from the wrongful conduct.'" (quoting *Bayle v. S.C. Dep't of Transp.*, 344 S.C. 115, 123, 542 S.E.2d 736, 740 (Ct. App. 2001))). Therefore, the circuit court properly granted Drew's motion for summary judgment because the statute of limitations barred Roberts's claim. *See Christensen v. Mikell*, 324 S.C. 70, 72, 476 S.E.2d 692, 694 (1996) ("Summary judgment is appropriate where it is clear there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.").

2. We find the circuit court did not err in failing to find Drew equitably estopped from claiming the statute of limitations as a defense. "A defendant may be estopped from claiming a statute of limitations defense if the defendant's conduct has induced the delay that otherwise would give operation to the statute."

---

[3] At times prior to May 5, 2008, Roberts did the following regarding the Navy's potential legal action: (1) categorized the dock issue and the Navy's threats of litigation as "serious;" (2) claimed that Navy officials "just don't want to go away;" and (3) wrote a letter to a United States senator, in which Roberts sought assistance and claimed to have been "threatened by the U.S. attorney" with a lawsuit and injunction.

[4] Additionally, in Roberts's responses to Drew's discovery requests, Roberts stated "What follows is a preliminary statement of Plaintiffs' damages . . . Contract sale price to Bowen . . . Lost profits from sale of property to Bowen . . . ." Bowen formally canceled the purchase contract for Lot 12 on January 18, 2007, largely due to the Navy's potential claim. Roberts testified he was aware at that time of the cancellation and Bowen's reasons for the cancellation. Given that Roberts claimed the lost profits of that purchase contract as damages, he had actual and constructive knowledge of a claim against Drew.

*Moates v. Bobb*, 322 S.C. 172, 175, 470 S.E.2d 402, 403 (Ct. App. 1996). "The elements of estoppel as to the party estopped are (1) conduct by the party estopped which amounts to a false representation or concealment of material facts; (2) the intention that such conduct shall be acted upon by the other party; and (3) knowledge, actual or constructive, of the true facts." *Johns v. Johns*, 309 S.C. 199, 203, 420 S.E.2d 856, 859 (Ct. App. 1992). "As to the party claiming the estoppel, the elements are (1) lack of knowledge and of the means of knowledge of the truth as to the facts in question; and (2) reliance upon the conduct of the party estopped." *Id.* at 203-04, 420 S.E.2d at 859. In his complaint, Roberts alleged Drew had a duty to advise him that the title to Lot 12 was "not good and not marketable." Roberts claimed the title to Lot 12 was unmarketable because his acquisition of the property had subjected him to litigation on the claims of others with outstanding property interests. All of the evidence in the record reveals that, before May 5, 2008, Roberts had knowledge that the Navy was claiming ownership of the marshland and threatening legal action against him. *See Kelly v. Logan, Jolley, & Smith*, 383 S.C. 626, 638, 682 S.E.2d 1, 7 (Ct. App. 2009) ("The party asserting equitable estoppel bears the burden of establishing all the elements."); *see also S. Dev. Land & Golf Co., Ltd. v. S.C. Pub. Serv. Auth.*, 311 S.C. 29, 34, 426 S.E.2d 748, 751 (1993) ("One with knowledge of the truth or the means by which with reasonable diligence he could acquire knowledge cannot claim to have been mislead [sic]."). Roberts also contends the circuit court failed to rule on the application of equitable estoppel. However, the circuit court found that Roberts was aware prior to May 5, 2008, of the Navy's claim and its threats of legal action against him, and therefore Roberts knew or should have known of a claim against Drew. Additionally, all litigation regarding the legality of the Navy's claim to the property and the dock has been dropped. Thus, Roberts has not established that whatever assurances Drew made amounted to false representations or concealments of material facts. *See* Rule 220, SCACR (stating an appellate court may affirm for any reason appearing in the record); *see also Walterboro Cmty. Hosp. v. Meacher*, 392 S.C. 479, 489, 709 S.E.2d 71, 76 (Ct. App. 2011) (finding that where the circuit court's order was ambiguous as to the basis for denying plaintiff's equitable remedy, the appellate court could affirm for any reason appearing in the record).

3.     We find the circuit court did not make erroneous findings of fact. All of the evidence supports the circuit court's recitation of the facts in its order and the conclusions drawn therefrom. As there was no genuine issue of material fact as to whether the statute of limitations barred Roberts's claim, the circuit court properly granted Drew's motion for summary judgment. *See Christensen*, 324 S.C. at 72, 476 S.E.2d at 694 ("Summary judgment is appropriate where it is clear there is no

genuine issue of material fact and the moving party is entitled to judgment as a matter of law.").

**AFFIRMED.**

**HUFF, THOMAS, and LOCKEMY, JJ., concur.**