Justice PLEICONES,
dissenting.
With great respect for the majority’s thorough treatment of these complex issues, I dissent from those portions of its opinion addressing: (1) the timeliness of the labeling claim; and (2) the reduction of the DDL penalty award.
I. Statute of Limitations
I agree the Attorney General knew or should have known prior to January 24, 2004 that he may have had a SCUTPA claim against Janssen based, in part, on research indicating *92 Janssen’s Risperdal label misled consumers insofar as it failed to disclose the drug’s side effects. See Kreutner v. David, 820 S.C. 288, 285-86, 465 S.E.2d 88, 90 (1995) (discussing the discovery rule for purposes of triggering the limitations period and finding that where the evidence is overwhelming a reasonable person should have known she might have a claim at a time beyond the statute of limitations, then such claim is time-barred). I therefore agree with the majority’s conclusion that the Attorney General’s SCUTPA claim for labeling violations occurring before January 24, 2004 was time-barred, and that the trial judge erred in holding equitable tolling removed the bar.
My disagreement is with the majority’s application of the continuous accrual doctrine. I would not apply the doctrine in this appeal because doing so does not affirm the statute of limitations ruling to the extent the trial judge found the pre-January 24, 2004 labeling claim timely and permitted that claim to go to the jury. In my opinion, we may invoke our authority to affirm on any ground appearing in the record only when the result is to affirm the trial judge’s ruling in toto. See Rule 220(c), SCACR. Here, the effect of applying the continuous accrual doctrine is only a partial affirmance. Further, we have no way of knowing whether the jury’s liability determination was based on conduct outside the limitations period since we cannot know whether this jury would have found a SCUTPA violation had it considered only Janssen’s labeling conduct after January 24, 2004. I do not agree that reducing the amount of the penalty for the labeling claim cures the prejudice to Janssen given the unreliability of the jury’s liability determination. Thus, I respectfully submit we should not apply the continuous accrual doctrine[34] in this appeal as doing so prejudices Janssen.
Accordingly, I would reverse the jury’s finding of liability because the labeling claim is barred by the statute of limitations. I would also reverse the trial judge’s labeling claim penalty because the claim is untimely.
*93 DDL Penalty Award
As for the reduction of the DDL penalty award, I would find the trial judge did not abuse his discretion in awarding $174,224,000 based on Janssen mailing 7,184 deceptive DDLs and following up with 36,372 sales calls to sanction the deception already perpetrated. See State ex rel. McLeod v. C & L Corp., 280 S.C. 519, 528, 313 S.E.2d 334, 340 (Ct.App.1984) (reviewing the award of civil penalties under an abuse of discretion standard). As for Janssen’s contention that the follow-up sales calls were made to the same prescribing physicians who had already received the DDL, I would find the trial judge properly considered this argument and exercised his discretion in finding Janssen’s culpability (Reader’s Digest[35] Factor 2) outweighed the actual impact or injury resulting from Janssen’s unlawful conduct (Reader’s Digest Factor 8).
Ultimately, the trial judge was in the best position to evaluate Janssen’s conduct, the degree of culpability, the duration of Janssen’s conduct, Janssen’s active concealment of Risperdal’s side effects to South Carolina health care providers, Janssen’s awareness of its deceptive conduct, Janssen’s ability to pay, and the actual impact, if any, resulting from Janssen’s deceptive conduct. See Reader’s Digest Ass’n, 662 F.2d at 967. Based on the trial judge’s articulation of the Reader’s Digest factors and his proper consideration of those factors, I would find Janssen has not shown the court abused its discretion in awarding a $174,224,000 civil penalty for the DDL claim, an amount within the limits set forth in SCUTPA. See Wallace v. Timmons, 237 S.C. 411, 421, 117 S.E.2d 567, 572 (1960) (stating that in reviewing a trial judge’s decision under an abuse of discretion standard, this Court may not substitute its judgment simply because it might have reached a different conclusion had it been in the trial judge’s place). Therefore, I would affirm the trial judge’s penalty award of $174,224,000 as to the DDL claim.

. I leave for another day whether we should adopt this doctrine in the context of SCUTPA or other statutory claims.

. United States v. Reader's Digest Ass’n, 662 F.2d 955, 967 (3d Cir.1981) (outlining the multi-factor analysis to determine the propriety of a statutory penalty, which the trial judge applied, the majority has adopted, and with which I concur).