**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Virgil "Ray" Passailaigue, Appellant,

v.

Henry Kuznik, Alfred L. Saad, III, Paul D. Hollen, III, and Thornwell Partners, LLC, Respondents.

Appellate Case No. 2015-000044

Appeal From Charleston County
R. Markley Dennis, Jr., Circuit Court Judge

Unpublished Opinion No. 2016-UP-311
Heard May 11, 2016 – Filed June 22, 2016

**AFFIRMED**

Lawrence E. Richter, Jr. and Aaron Eric Edwards, both of The Richter Firm, LLC, of Mount Pleasant, for Appellant.

John M. Bleecker, Jr., of Law Office of John M. Bleecker, Jr., Lindsey W. Cooper, Jr. and Margarete Linsay Allio, of The Law Offices of L.W. Cooper Jr., LLC, all of Charleston, and Shaun C. Blake, of Rogers Lewis Jackson Mann & Quinn, LLC, of Columbia, for Respondents.

———————

**PER CURIAM:** Appellant, Virgil "Ray" Passailaigue, instituted this action against Respondents, Henry Kuznik, Alfred Saad, III, Paul D. Hollen, III, and Thornwell Partners, LLC, (the LLC), alleging failure to pay a promissory note in the principal sum of $130,000, executed by the LLC and unconditionally guaranteed by Kuznik, Saad, and Hollen. The trial court granted summary judgment to Respondents. Passailaigue appeals, asserting (1) the trial court erred in failing to provide detailed relevant findings of fact and conclusions of law in its order granting summary judgment, (2) the trial court erred in granting summary judgment because there are genuine issues of material fact making summary judgment improper, and (3) he is a third-party beneficiary of the promissory note and attendant unconditional guarantees, and thus is in a position to enforce the same. We affirm.

1.      Passailaigue first contends the trial court erred in failing to provide an order which detailed the court's relevant findings of fact and conclusions of law. We disagree.

Our supreme court has specifically determined "findings [of fact] and conclusions [of law] are not required for appellate review" of orders granting summary judgment and has overruled prior case law to the extent such is relied upon to vacate and remand orders granting summary judgment. *Woodson v. DLI Props., LLC*, 406 S.C. 517, 527, 753 S.E.2d 428, 433 (2014). Further, the trial court's orders here are sufficient because this court is able to ascertain the basis for the trial court's ruling from the record on appeal. *See id.* (quoting *Porter v. Labor Depot*, 372 S.C. 560, 568, 643 S.E.2d 96, 100 (Ct. App. 2007) for the proposition that "not all situations require a detailed order, and the circuit court's form order may be sufficient if the appellate court can ascertain the basis for the circuit court's ruling from the record on appeal"). In particular, while there were various grounds asserted by Respondents in support of granting summary judgment to them, their answers, summary judgment motions, and memorandum in support of summary judgement all argued that there were no "net proceeds" from the sale of the property, such that the condition for repayment required within the terms of the promissory note failed to occur. Further, a review of the transcript from the summary judgment proceeding reveals this was the only basis argued in that hearing before the trial court, and the trial court clearly granted summary judgment on that basis in its oral ruling. Accordingly, we find the trial court did not err in

failing to provide orders which detailed the court's relevant findings of fact and conclusions of law.

2.      Passailaigue next contends the trial court mistakenly held there was no genuine issue of material fact and improperly granted summary judgment. In making this argument, he asserts there are genuine issues of material fact as to (a) the definition of the term "net proceeds," (b) which promissory note controls, and (c) whether Respondents met their obligations under the promissory note and unconditional guarantees. Viewing the evidence and all reasonable inferences in the light most favorable to Passailaigue as we must, *Turner v. Milliman*, 392 S.C. 116, 122, 708 S.E.2d 766, 769 (2011), we find no error.

a.      Passailaigue argues there is a genuine issue of material fact as to the meaning of the term "net proceeds" contained in the promissory note, arguing the term is ambiguous. We disagree.

"Where an agreement is clear on its face and unambiguous, the court's only function is to interpret its lawful meaning and the intent of the parties as found within the agreement." *Stevens & Wilkinson of S.C., Inc. v. City of Columbia*, 409 S.C. 568, 577, 762 S.E.2d 696, 700 (2014) (quoting *Miles v. Miles*, 393 S.C. 111, 117, 711 S.E.2d 880, 883 (2011)). "Where the contract language is plain and capable of legal construction, that language alone determines the instrument's force and effect." *Id.* We find the term "net proceeds" is clear on its face.

First, we note the term "net proceeds" is defined by Black's Law Dictionary as "[t]he amount received in a transaction minus the costs of the transaction (such as expenses and commissions)." *Net Proceeds*, Black's Law Dictionary (10th ed. 2014). Black's Law Dictionary also defines "net" as "[a]n amount of money remaining after a sale, minus any deductions for expenses, commissions, and taxes." *Net*, Black's Law Dictionary (10th ed. 2014). There is nothing in the plain language of the promissory note to indicate that "net proceeds" refers to only certain costs being deducted to give "above the line" gross profits, as Passailaigue contends. Further, as Passailaigue conceded in his deposition testimony, the term "net" was included before the word "proceeds" in the promissory note; the word carried some meaning and was not intended to be superfluous; by including the word "net," the word "proceeds" alone was deemed insufficient to convey the meaning the parties to the note intended; and Passailaigue had agreed to the inclusion of the word "net." Had the promissory note simply stated the $130,000 sum was to be repaid from the "proceeds" from the future sales of the Dasinger

tract—and not included the word "net"—then the note may have been ambiguous as to what was meant by the term "proceeds," as the parties then could have intended Passailaigue be paid the sum from gross proceeds or net profits from the sale of the tract. Here, however, the promissory note specifically provided the $130,000 was to be repaid "in its entirety from the net proceeds from the future sales" of the Dasinger tract. Passailaigue's interpretation of the agreement—as requiring unconditional payment of the note once the property was sold—would render the word "net" in the promissory note superfluous. *See Stevens Aviation, Inc. v. DynCorp Int'l LLC*, 407 S.C. 407, 417, 756 S.E.2d 148, 153 (2014) ("[A]n interpretation that gives meaning to all parts of the contract is preferable to one which renders provisions in the contract meaningless or superfluous.") (quoting *Crown Laundry & Dry Cleaning Inc. v. United States*, 29 Fed. Cl. 506, 515 (1993)). Thus, Respondents demonstrated an absence of a genuine issue of material fact, as the plain, ordinary meaning of the contract shows no sums were due to Passailaigue under the promissory note absent the realization of net proceeds from the sale of the Dasinger tract, and there were no such net proceeds from the sale of the property. We further note, although it was not necessary for Respondents, as moving parties, to support their motion with affidavits or other similar materials negating Passailaigue's claim, *Lord v. D & J Enters., Inc.*, 407 S.C. 544, 553, 757 S.E.2d 695, 699 (2014), Respondents also presented the affidavit of the LLC's Certified Public Accountant (CPA) attesting that the phrase "net proceeds," as commonly used in accounting terms, "is the amount of proceeds received from a sale after subtracting the costs necessary to accomplish and complete the transaction," and "no net proceeds" were realized from the sale of the Dasinger tract. Passailaigue, however, presented nothing to show the term "net proceeds" in the promissory note had some other meaning than the plain, ordinary meaning attached to such term or one different from that set forth by the CPA, or that net proceeds were, in fact, realized from the sale of the Dasinger tract. *See Russell v. Wachovia Bank, N.A.*, 353 S.C. 208, 220, 578 S.E.2d 329, 335 (2003) ("When opposing a summary judgment motion, the nonmoving party must do more than 'simply show that there is a metaphysical doubt as to the material facts but must come forward with specific facts showing that there is a genuine issue for trial.'" (quoting *Baughman v. Am. Tel. & Tel. Co.*, 306 S.C. 101, 115, 410 S.E.2d 537, 545 (1991))). Once Respondents pointed out the absence of evidence to support Passailaigue's assertion that Respondents were in default under the terms of the promissory note, Passailaigue failed to show, by affidavit or otherwise, that there were facts to show a genuine issue for trial. *See Lord*, 407 S.C. at 553, 757 S.E.2d at 699 (holding once the moving party carries its initial burden of pointing out to the trial court that there is an absence of evidence to

support the non-moving party's case, the opposing party must do more than rest upon the mere allegations or denials of his pleadings, but must, by affidavit or otherwise, set forth specific facts to show that there is a genuine issue for trial). At best, Passailaigue's attorney simply argued there *could* be a different meaning; however, "argument of counsel is not a substitute for evidence." *Brown v. Johnson*, 276 S.C. 68, 71-72, 275 S.E.2d 876, 878 (1981). Here, the contractual language of the promissory note indicates the parties' unambiguous, mutual intent to pay Passailaigue the $130,000 sum only if proceeds remained after subtracting the expenses associated with the transaction. Because it is undisputed that Respondents incurred a net loss from the sale of the property, under the terms of the promissory note Respondents are entitled to judgment as a matter of law.

b.      Passailaigue contends two similar, but different, promissory notes for the sum of $130,000 were executed by the parties on November 7, 2008, and there is a genuine issue of material fact as to which promissory note controls.

We agree with Respondents that this argument is not preserved. A review of the record shows Passailaigue only maintained that the promissory note which included the typed word "net" before the word "proceeds" and the additional language regarding the loan period was the promissory note upon which he filed this action. He attached only that particular note to his complaint. Further, he filed a response to the Respondents' motions for summary judgment and, although he maintained there were genuine issues of material fact in various regards, he referenced only the same particular promissory note he attached to his complaint—which included the typed word "net" and the additional language regarding the loan period—and never mentioned another promissory note that might possibly apply, much less asserted there was an issue as to which one controlled. Additionally, he made no argument to the trial court at the summary judgment hearing in this regard, again not even mentioning the existence of any additional note. As well, he failed to make any reference to it in his motion to alter or amend. *See Dunes West Golf Club, LLC v. Town of Mount Pleasant*, 401 S.C. 280, 302 n.11, 737 S.E.2d 601, 612 n.11 (2013) (finding, in an appeal from the grant of summary judgment, the appellant could not present an argument for the first time on appeal).

At any rate, we discern no genuine issue of *material* fact in this regard. *See* Rule 56(c), SCRCP (providing summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any *material* fact and

that the moving party is entitled to a judgment as a matter of law" (emphasis added)). Whether handwritten or typed, both notes contain the provision that the $130,000 was to be paid from "net proceeds" from the future sale of the Dasinger tract. Although he appears to argue on appeal there is a question regarding whether the handwritten word "net" is effective in the other note because it was not initialed, Passailaigue conceded in his deposition testimony that both versions provided the sum was to be repaid in its entirety from the net proceeds of future sales of the Dasinger property, and he had agreed to the inclusion of the word "net." Accordingly, regardless of which note would control, they both provide that no sums were due to Passailaigue under the terms of the promissory note absent the realization of net proceeds from the sale of the Dasinger tract. As well, Passailaigue fails to argue how the inclusion or exclusion of the language concerning the loan period would have any effect on this matter.[1] We agree with Respondents that such would be immaterial to the matter at hand. *See Town of Hollywood v. Floyd*, 403 S.C. 466, 477, 744 S.E.2d 161, 166 (2013) ("[I]t is not sufficient for a party to create an inference that is not reasonable or an issue of fact that is not genuine.").

c.     Finally, Passailaigue argues there is a genuine issue of material fact as to whether Respondents met their obligations under the unconditional guarantees. We disagree.

We find no merit to Passailaigue's assertion that there is an independent basis of liability pursuant to the individual guarantees. The guarantees themselves clearly and unequivocally guarantee payment of all amounts and obligations "*due*" under the note. *See Pee Dee State Bank v. Nat'l Fiber Corp.*, 287 S.C. 640, 642, 340 S.E.2d 569, 570 (Ct. App. 1986) ("In determining the nature of [a] guarantee, [the court] look[s] first to the written agreement itself."); *N. Am. Rescue Prods., Inc. v. Richardson*, 411 S.C. 371, 378, 769 S.E.2d 237, 240 (2015) ("If a contract's language is unambiguous, the plain language will determine the contract's force

---

[1]At oral argument, Passailaigue argued there was a material issue of fact because the loan period and any extension ran before the Dasinger properties were sold. However, a party may not use oral argument as a vehicle to argue issues not argued in the party's brief. *See State v. Nelson*, 336 S.C. 186, 193, 519 S.E.2d 786, 789 (1999) ("It is axiomatic that oral argument may not be used as a vehicle to argue issues not argued in the appellate brief."). Further, this argument was never raised before the trial court and, therefore, is not preserved on appeal.

and effect."); *see also Citizens & S. Nat'l Bank of S.C. v. Lanford*, 313 S.C. 540, 543, 443 S.E.2d 549, 550 (1994) ("A guaranty of payment is an absolute or unconditional promise to pay a particular debt if it is not paid by the debtor *at maturity*. Under an absolute guaranty of payment, the creditor may maintain an action against the guarantor immediately *upon default of the debtor*."(emphases added) (citation omitted)). Because the amounts are not due from the LLC under the note, Passailaigue is not entitled to collect from Kuznik, Saad, and Hollen under the terms of the guarantees. At any rate, we find Passailaigue failed to show a genuine issue of material fact regarding whether Kuznik, Saad, and Hollen were in default of the guarantees. As to his argument that there is a question of fact as to whether the three men made false representations to him that the promissory note was given in exchange for his membership in the LLC and they were, therefore, in default under paragraph 8(b), there is no evidence whatsoever in the record that any of them made a false statement to him concerning consideration for the $130,000 promissory note. At most, there is evidence they did not recall entering into the note or guarantee agreements and did not believe consideration for the note could have been Passailaigue's relinquishment of his membership in the LLC, as Passailaigue had already been completely compensated for such. There is absolutely nothing to show Kuznik, Saad, or Hollen made false representations to Passailaigue in this regard. As to his argument that there is a question of fact as to whether the three men were in default by virtue of provision 8(e) because Respondents claimed a financial loss on the sale of the Dasinger tracts, that event requires a material adverse change in the financial position of the individual guarantors before they are considered in default under the guarantees. The fact that the LLC suffered a loss, and that the members may have suffered a personal loss through the LLC, is not evidence that these men have personally suffered a "[m]aterial adverse change in [their] financial position[s]" as provided by the terms of the guarantees. Finally, the section of the guarantees stipulating remedies upon default specifically provide only that the "obligations evidenced hereunder" of the guarantors would become immediately due upon default. Because there are no "obligations" in light of the net loss sustained by the LLC, there is no independent basis for liability under the guarantees. Thus, even assuming *arguendo* there is a question of fact as to whether an "Event of Default" occurred, the plain language of the guarantees only allows for payment of "obligations" of the guarantors. Because by virtue of the net loss sustained by the LLC there are no obligations of the guarantors, under the plain language of the guarantees there is no genuine issue of material fact as to whether Passailaigue can collect solely based upon the guarantees.

In summary, we find Passailaigue has failed to point to anything which creates a genuine issue of material fact for trial and therefore affirm the grant of summary judgment in Respondents' favor.

3.　　　Based upon our determinations the trial court did not err in issuing a form order or in granting summary judgment because there exist no genuine issues of material fact, we decline to reach the issue of whether Passailaigue is entitled to enforce the promissory note and guarantees as a third-party beneficiary.  *See I'On, L.L.C. v. Town of Mount Pleasant*, 338 S.C. 406, 420, 526 S.E.2d 716, 723 (2000) ("It is within the appellate court's discretion whether to address any additional sustaining grounds."); *Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (holding an appellate court need not address remaining issues on appeal when its determination of a prior issue is dispositive).

**AFFIRMED.**

**HUFF, KONDUROS and GEATHERS, JJ., concur.**