748 S.E.2d 72

## H & H OF JOHNSTON, LLC, Appellant,

v.

## OLD REPUBLIC NATIONAL TITLE INSURANCE CO., and Henry P. Bufkin d/b/a Bufkin Title, Respondents.

Appellate Case No. 2012–211167.

No. 5139.

Court of Appeals of South Carolina.

Heard March 5, 2013.

Decided June 5, 2013.

Rehearing Denied Sept. 27, 2013.

470

William E. Booth, III, of Booth Law Firm, LLC, of West Columbia, for Appellant.

Susan Taylor Wall and Amanda Coney Williams, both of McNair Law Firm, PA, of Charleston, for Respondent Henry P. Bufkin d/b/a Bufkin Title; Louis H. Lang, of Callison Tighe & Robinson, LLC, of Columbia, for Respondent Old Republic National Title Insurance Co.

LOCKEMY, J.

In this appeal arising out of a real estate transaction, H & H of Johnston, LLC (H & H) argues the circuit court erred in granting Henry Bufkin and Old Republic National Title Insurance Co.'s (Old Republic) summary judgment motions. H & H contends: (1) Bufkin's agreement to provide H & H with title insurance coverage was not the practice of law requiring an expert witness affidavit under subsection 15–36–100(B) of the South Carolina Code (Supp.2012); and (2) Bufkin made an oral contract with H & H at closing for coverage as to three adverse claims. We affirm in part, reverse in part, and remand.

**FACTS/PROCEDURAL BACKGROUND**

This case arises out of a real estate transaction involving property purchased by H & H from Five Star Development, LLC (Five Star) within the Stoney Pointe subdivision in Chapin, South Carolina. The property consisted of twenty-six residential lots and an 11.44 acre tract.

Bufkin represented H & H and Five Star as the real estate closing attorney at the July 2007 loan closing. In conjunction with the closing, and as a title insurance agent for Old Republic, Bufkin also issued a title insurance commitment and policy to H & H. According to Stanley Herlong, a member of H & H, H & H had an oral contract with Bufkin as the title agent to: (1) insure H & H would be able to immediately sell the builder-ready lots through a listing agreement with Russell and Jeffcoat Realtors; (2) insure H & H would not be required to pay any Stoney Pointe Homeowners Association (HOA) assessments; and (3) insure H & H would be able to immediately sell the 11.44 acre tract without being subject to restrictions or assessments. Bufkin disputed this claim, main-

taining he was never asked by H & H to act as a title agent and never promised or offered to provide a title commitment without any exceptions.

Following the closing, H & H entered into contracts to sell the property. P & K Construction (P & K) protested the sale of the property and sought to enforce a contract it had with Five Star concerning a right of first refusal. H & H filed a claim with Old Republic and paid P & K $25,000 to cancel the contract. In April 2008, the HOA filed suit against H & H claiming violations of certain restrictions and covenants and failure to pay assessments. H & H settled with the HOA and agreed to pay $16,300. Additionally, H & H agreed to the imposition of certain restrictive covenants on the 11.44 acre tract.

On July 1, 2010, H & H filed suit against Bufkin and Old Republic asserting breach of contract and promissory estoppel claims. In its complaint, H & H maintained Bufkin breached his duties as a title insurance agent by failing to explain to H & H what exceptions were included in the title insurance binder, specifically, the HOA restrictions and assessments and the right of first refusal contract with P & K. Old Republic filed an answer on August 5, 2010, denying the allegations in H & H's complaint.

On September 8, 2010, Bufkin filed a motion to dismiss the complaint on the grounds that H & H failed to comply with subsection 15–36–100(B), which requires a plaintiff asserting a professional negligence claim against an attorney to file an affidavit of an expert witness specifying the particular negligent acts or omissions of the attorney. Following a hearing, the circuit court issued an order in March 2011, holding that "insofar as the [c]omplaint attempts to assert any claim against Bufkin in his capacity as an attorney, the same is dismissed for failure to state a claim pursuant to section 15–36–100." Thereafter, Bufkin filed an answer and the parties engaged in discovery to determine if any of H & H's remaining claims against Bufkin were asserted against him in any capacity other than his capacity as an attorney.

At the conclusion of discovery, Bufkin filed a motion for summary judgment and subsequently an amended motion for summary judgment. The grounds for Bufkin's summary judg-

ment motion included: (1) failure to comply with section 15–36–100; (2) no mutual understanding and intent between the parties sufficient to form a contract; (3) no promise made by Bufkin to H & H regarding the coverage exceptions; and (4) no proximate cause because even if the coverage exceptions at issue had not been listed as exceptions, the title policy would not have covered H & H's claims. Old Republic also filed a motion for summary judgment asserting there was no evidence of an oral contract between the parties.

Following a hearing, the circuit court granted both summary judgment motions on February 8, 2012. The circuit court found the claims against Bufkin were made in his capacity as the real estate closing attorney, and H & H failed to file an expert witness affidavit as required by section 15–36–100. Additionally, the court found there was no evidence of an oral contract between H & H and Bufkin. Subsequently, H & H filed a motion to alter or amend which was denied by the circuit court. This appeal followed.

## STANDARD OF REVIEW

When reviewing the grant of a summary judgment motion, this court applies the same standard that governs the trial court under Rule 56(c), SCRCP. *Fleming v. Rose*, 350 S.C. 488, 493, 567 S.E.2d 857, 860 (2002). "Summary judgment is appropriate when there is no genuine issue of material fact such that the moving party must prevail as a matter of law." *Id.* In determining whether a genuine issue of fact exists, the evidence and all reasonable inferences drawn from it must be viewed in the light most favorable to the nonmoving party. *Sauner v. Pub. Serv. Auth. of S.C.*, 354 S.C. 397, 404, 581 S.E.2d 161, 165 (2003). "Once the moving party carries its initial burden, the opposing party must come forward with specific facts that show there is a genuine issue of fact remaining for trial." *Sides v. Greenville Hosp. Sys.*, 362 S.C. 250, 255, 607 S.E.2d 362, 364 (Ct.App.2004).

## LAW/ANALYSIS

### I. Subsection 15–36–100(B)

H & H argues the circuit court erred in granting the summary judgment motions because Bufkin's actions in making the oral contract did not involve claims of professional

negligence subject to the requirements of subsection 15–36–100(B). We disagree.

Pursuant to subsection 15–36–100(B), when a plaintiff asserts a professional negligence claim against an attorney, the plaintiff must file an affidavit of an expert witness in support of the complaint specifying particular negligent acts or omissions of the attorney.

H & H maintains it is seeking damages due to a breach of contract by Bufkin and not on the basis of a failure to disclose by Bufkin as an attorney. H & H argues Bufkin made the oral contract on behalf of Old Republic, the insurer, and therefore, Bufkin's actions do not involve claims of professional negligence subject to the requirements of subsection 15–36–100(B). Bufkin and Old Republic assert H & H attempts to characterize its suit against Bufkin as something other than a professional malpractice action in order to circumvent the requirements of subsection 15–36–100(B).

We find Bufkin was acting as an attorney at the closing. First, we note Stanley Herlong testified he relied on Bufkin as an attorney at the closing and was not aware that Bufkin was an insurance agent for Old Republic. Second, Bufkin gave his legal opinion when he made the alleged oral contract with H & H. In its complaint, H & H alleged Bufkin agreed to insure that H & H would: (1) be able to immediately sell the builder-ready lots through a listing agreement with Russell and Jeffcoat Realtors; (2) not be required to pay any HOA assessments; and (3) be able to immediately sell the 11.44 acre tract without being subject to restrictions or assessments. We find any advice Bufkin gave H & H regarding potential adverse claims constituted the practice of law. *See State v. Buyers Serv. Co.*, 292 S.C. 426, 430, 357 S.E.2d 15, 17 (1987) (holding "[t]he practice of law is not confined to litigation, but extends to activities in other fields which entail specialized legal knowledge and ability."); *Linder v. Ins. Claims Consultants, Inc.*, 348 S.C. 477, 493, 560 S.E.2d 612, 621 (2002) (holding "adjusters shall not ... [a]dvise clients of their rights, duties, or privileges under an insurance policy regarding matters requiring legal skill or knowledge, i.e., interpret the policy for clients."). Accordingly, we affirm the circuit court's grant of Bufkin's summary judgment motion.

## II. Existence of an Oral Contract

H & H argues the circuit court erred in granting the summary judgment motions because there was evidence in the record Bufkin and H & H had an oral contract as to title insurance coverage. We reverse the circuit court's grant of Old Republic's summary judgment motion.

According to Stanley Herlong, H & H had an oral contract with Bufkin as the title agent to: (1) insure H & H would be able to immediately sell the builder-ready lots through a listing agreement with Russell and Jeffcoat Realtors; (2) insure H & H would not be required to pay any HOA assessments; and (3) insure H & H would be able to immediately sell the 11.44 acre tract without being subject to restrictions or assessments.

■ "South Carolina common law requires that, in order to have a valid and enforceable contract, there must be a meeting of the minds between the parties with regard to *all* essential and material terms of the agreement." *Player v. Chandler*, 299 S.C. 101, 105, 382 S.E.2d 891, 893 (1989).

Bufkin argues H & H failed to prove there was a meeting of the minds necessary for the formation of a contract. Bufkin contends Stanley Herlong admitted in his deposition that the terms of the alleged oral contract were never discussed and the only conversation that took place between H & H and Bufkin regarding title insurance was that Bufkin would issue a title insurance policy for approximately $1,400. Bufkin and Old Republic maintain there were no discussions between the parties concerning the exceptions in the title insurance policy. H & H argues Stanley Herlong admitted in his affidavit in opposition to the summary judgment motions that he discussed the exceptions with Bufkin at or before the closing. Further, H & H notes Bufkin stated in his affidavit that he discussed the P & K contract with the Herlongs and showed them the title commitment and discussed the list of exceptions with them.

■ Viewing the evidence in the light most favorable to H & H, we find a genuine issue of fact exists as to whether there was an oral contract. There is some evidence of an oral contract between the parties in the record. Although Stanley

Herlong asserted at his deposition he did not discuss the terms and conditions of the title insurance policy with Bufkin, he also stated in his affidavit that H & H had an agreement with Bufkin regarding the three coverage exceptions. Accordingly, we reverse the circuit court's determination that there was no evidence of an oral contract between H & H and Bufkin. Should H & H prove an oral contract with Bufkin existed, Old Republic can still be liable because Bufkin, as an agent of Old Republic, can bind the company. *See Holmes v. McKay*, 334 S.C. 433, 438, 513 S.E.2d 851, 854 (Ct.App.1999) ("Insurance companies are bound by the representations and acts of their agents acting within the scope of their authority."). Thus, we reverse the circuit court's grant of Old Republic's summary judgment motion and remand for further proceedings.

## CONCLUSION

We affirm the circuit court's grant of Bufkin's summary judgment motion and reverse the circuit court's grant of Old Republic's summary judgment motion.

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**

GEATHERS, J., concurs.

FEW, C.J., concurring in part and dissenting in part.

I concur in the majority's decision to affirm summary judgment for Bufkin. However, I would also affirm summary judgment for Old Republic. To that extent, I dissent.

As the majority points out, "[i]nsurance companies are bound by the representations and acts of their agents acting within the scope of their authority." *Holmes v. McKay*, 334 S.C. 433, 438, 513 S.E.2d 851, 854 (Ct.App.1999). However, there is no evidence in this case of any representations or acts by Bufkin. Herlong's affidavit mentions only things Herlong said and did: "I asked [Bufkin] to make sure I got a copy of" the P & K contract; "I told [Bufkin] that I wanted to make sure that H & H would not have to sell lots to P & K under any option agreement and that the purchaser could sell the lots to a third party;" "I needed to make sure that the

purchaser would have protection for any claims of the P & K Company or assessments"; and "I asked Mr. Bufkin to find" the P & K contract. These statements provide no evidence of any representations or acts by Bufkin.

Herlong also states, "H & H had an agreement with Mr. Bufkin" to insure that H & H would be able to do certain things and would be protected from P & K's claims. This also is not evidence of a representation or act by Bufkin. It is simply a legal conclusion drawn by Herlong that is insufficient to withstand summary judgment. *See* Rule 56(e), SCRCP (providing responsive affidavits "must set forth specific facts showing that there is a genuine issue for trial"); 10B Charles Alan Wright, Arthur Miller & Mary Kay Kane, *Federal Practice and Procedure* § 2738 (3d ed.1998) (stating "ultimate or conclusory facts and conclusions of law ... cannot be utilized on a summary-judgment motion" (quoted in *Dawkins v. Fields,* 354 S.C. 58, 68, 580 S.E.2d 433, 438 (2003))); *Shupe v. Settle,* 315 S.C. 510, 516–17, 445 S.E.2d 651, 655 (Ct.App.1994) ("A conclusory statement as to the ultimate issue in a case is not sufficient to create a genuine issue of fact for purposes of resisting summary judgment.").

Bufkin's affidavit also does not create a genuine issue of material fact. In it, Bufkin states that at the closing, he discussed the P & K contract with representatives of H & H, showed them the title commitment, and "discussed the list of exceptions with them." He then states, "I never promised or offered to provide a title commitment without any exceptions." Even viewed in the light most favorable to H & H, these statements are not evidence of representations or acts by Bufkin that could bind Old Republic to an oral contract.

In addition, the majority's finding that "Bufkin gave his legal opinion when he made the alleged oral contract with H & H" disproves its own conclusion that there is evidence of an oral contract between H & H and Old Republic. By finding that "any advice Bufkin gave H & H regarding potential adverse claims constituted the practice of law," the majority finds—correctly—that Bufkin was providing his legal opinion about the outcome of future disputes, not representing to the insured what the terms of the written policy would be.

In my opinion, the circuit court ruled correctly in granting summary judgment to both defendants. I would affirm the entire order.