754 S.E.2d 494

John DOE, Jane Doe 1, Jane Doe 2 and Jane Doe 3, Appellants,

v.

The BISHOP OF CHARLESTON, A Corporation Sole,
and The Bishop of The Diocese of Charleston, in
His Official Capacity, Respondents.

Appellate Case No. 2011–199886.

No. 27345.

Supreme Court of South Carolina.

Heard April 4, 2013.
Decided Jan. 8, 2014.
Rehearing Denied March 6, 2014.

130

132

Gregg E. Meyers, of Jeff Anderson & Associates, P.A., of Charleston, for Appellants.

Albert P. Shahid, Jr., of Shahid Law Office, LLC, of Charleston, for Respondents.

Justice PLEICONES.

John Doe, Jane Doe 1, Jane Doe 2 and Jane Doe 3 (appellants) separately sued the Bishop of Charleston, a Corporation Sole, and the Bishop of the Diocese of Charleston in his official capacity (respondents). The cases were consolidated, and respondents moved to dismiss on the pleadings. The trial court granted the motion.[1] We affirm in part and reverse in part.

## FACTS

In 2007, in a suit brought in Dorchester County, respondents entered into a class action settlement agreement (the settlement) to settle the claims of "[a]ll individuals born on or before August 30, 1980 who, as minors, were sexually abused at any time by agents or employees of the Diocese of Charleston" as well as their spouses and parents, except those whose claims had been independently resolved. The settlement provided for the establishment of a fund from which awards would be made to claimants who established their sexual abuse claims by arbitration.

Appellants allege they did not receive notice of the settlement. In 2009, after the claims and opt-out period provided for in the settlement had expired, they brought suit alleging claims of the type covered by the settlement. Three appellants (siblings) allege that, between 1965 and 1971, as children they were sexually abused by a priest assigned to St. William Church in Ward, South Carolina; one appellant is the parent of the allegedly abused children.

## ISSUES

1. Did the trial court err when it ruled the terms of the settlement do not waive its res judicata effect?

2. Did the trial court err when it found appellants bound by the settlement?

3. Did the trial court err when it found appellants' claims barred by the statute of limitations?

---

1. Appellants did not appeal the trial court's dismissal of their Unfair Trade Practices Act cause of action.

## I. Settlement terms

 The trial court held that appellants' claims were identical to those addressed in the class action settlement, that appellants were members of the class, and thus that their claims were barred by principles of res judicata and collateral estoppel. Appellants argue this was error because respondents waived the res judicata effect of the class action as to all future claims by the terms of the settlement. We disagree. When reviewing the dismissal of an action pursuant to Rule 12(b)(6), SCRCP, the appellate court applies the same standard of review as the trial court. *Doe v. Marion,* 373 S.C. 390, 395, 645 S.E.2d 245, 247 (2007). If the facts alleged and inferences reasonably deducible from the allegations set forth in the complaint, viewed in the light most favorable to the plaintiff, entitle him to relief on any theory, dismissal under Rule 12(b)(6) is improper. *Id.* The complaint should not be dismissed merely because the court doubts the plaintiff will prevail in the action. *Id.* at 395, 645 S.E.2d at 248.

As an initial matter, appellants argue that, for purposes of reviewing the trial court's grant of dismissal under Rule 12(b)(6), this Court must accept as true their allegation that respondents waived a statute of limitations defense as to all putative class members. We disagree.

 When reviewing a motion to dismiss [2] for failure to state facts sufficient to constitute a cause of action, the pleadings must be construed liberally, and all well pled facts must be presumed true. *Charleston County School Dist. v. Harrell,* 393 S.C. 552, 557, 713 S.E.2d 604, 607 (2011). However, the interpretation of a judgment is a question of law for the court. 46 Am.Jur.2d Judgments § 73. Questions of law are reviewed *de novo. Town of Summerville v. City of North Charleston,* 378 S.C. 107, 110, 662 S.E.2d 40, 41 (2008). Thus,

---

2. The trial court's reliance on transcripts and court orders in the underlying class action did not convert the motion to one for summary judgment. See Rule 12(b), SCRCP; *Mullis v. U.S. Bankruptcy Court for the Dist. of Nevada,* 828 F.2d 1385, 1388 (9th Cir.1987) (under federal rules, court may consider facts subject to judicial notice, including orders and record in underlying case); *General Time Corp. v. Bulk Materials, Inc.,* 826 F.Supp. 471, 473 (M.D.Ga.1993) (consent order); *Stahl v. U.S. Dept. of Agriculture,* 327 F.3d 697, 700 (8th Cir.2003) (contract documents).

we consider the interpretation of the terms of the underlying court-approved class action settlement *de novo*.

 "As a general rule, judgments are to be construed like other written instruments. The determinative factor is the intent of the court, as gathered, not from an isolated part thereof, but from all the parts of the judgment itself. Hence, in construing a judgment, it should be examined and considered in its entirety. If the language employed is plain and unambiguous, there is no room for construction or interpretation, and the effect thereof must be declared in the light of the literal meaning of the language used." *Weil v. Weil,* 299 S.C. 84, 90, 382 S.E.2d 471, 474 (Ct.App.1989) (citations and internal quotation marks omitted).

In this case, the language in the settlement-related court orders on which appellants' argument depends arose in the context of discussions about notice to putative class members. The original design of the settlement included a 120–day period after the initial notice of final approval of the settlement for any person to make a claim under it. Notice was to be provided to potential claimants through publication in eleven South Carolina newspapers at least once a week for six weeks and in respondents' own periodical, the Catholic Miscellany, in three consecutive issues.

However, it came to light that respondents had been operating under an Instruction from the Vatican that required them to treat allegations of abuse with great secrecy and that their internal files contained the names of several dozen people about whose possible abuse respondents had already received some notice but who had not previously had any claims resolved. Half were already represented in the class action, and half were not. Of the latter group, all but four were located and notified of the pending class action before the Dorchester court approved the settlement. The Dorchester court remained concerned about these final four people. In its July 30, 2007, order approving the settlement, the Dorchester court stated that

> [t]he Diocese has represented to the Court that 20 individuals who may be class members were identified by it in a search of its files. Sixteen of these were located, and as to the other four, I find, . . . , that reasonable efforts were used

to locate those individuals and that their present whereabouts are unknown. The Diocese has further stated that it understands that any person who should have had notice, but did not receive notice for whatever reason, would not be bound by the *res judicata* effect of the settlement. Further, the Diocese has stipulated before me in open Court and on the record that any person who comes forward at a later date and can show that he or she should have received notice but did not could participate in an arbitration process with terms identical to the Settlement and Arbitration Agreement before the Court for approval today.

Appellants argue that the language of the July order both removes the ordinary res judicata effect of a class settlement and requires respondents to honor the terms of the settlement as to any future claimant notwithstanding the expiration of the claims period. While we agree with appellants regarding the import of the language of the July order, the Dorchester court entered another order related to the settlement on August 31, 2007. It clarified, in relevant part, that

in the Court's [July 30] Order ... approving the Class settlement, the Court made reference to the existence of individuals who, according to the Diocese, (1) were potential class members; (2) came forward to the Diocese at some time in the past with their allegations of child sexual abuse; (3) never resolved their potential claims; and (4) were entitled to receive *actual notice* of the proposed class settlement pursuant to the agreement of the parties and earlier instructions from this Court (hereinafter referred to as "Actual Notice Class Members"). The [Respondents] have asked the Court to clarify how the settlement process will treat the Actual Notice Class Members. Accordingly, this Order clarifies and, where in conflict, supersedes the Court's Order of July 30, 2007.

Actual Notice Class Members shall have 120 days from receipt of actual notice of the class settlement to present their claims to an Arbitrator in the same manner as provided for in the Settlement and Arbitration Agreement. Actual Notice Class Members who present their claims more than 120 days after they receive actual notice of the settlement shall be barred from participation in the settlement process and shall be treated like any other class member

who has failed to timely present a claim to the class settlement fund.

Appellants argue that the August order alters the terms of the settlement only as to Actual Notice Class Members. They contend that, as general class members, they are entitled to be treated under the more generous terms of the July order. We disagree.

■ The August 2007 order clarifies that the Actual Notice Class Members have 120 days to file claims from the time they receive *actual* notice, rather than being limited to 120 days from the entry of judgment, as the other (constructive notice) class members were limited under the settlement. It also reiterates that any claimant who fails to present her claim within the 120–day notice period will be "barred from partic-ipation in the settlement process ... like any other class member who had failed to timely present a claim to the class settlement fund." This language unambiguously indicates that the 120–day claims period for general class members established in the original settlement remained in place and any seemingly contrary language in the July order was super-seded by the August order.

■ Thus, the terms of the July order do not permit appellants to avoid its res judicata effect and that respondents did not waive a statute of limitations defense as to future claimants who failed to come forward within the claims period provided in the settlement.

II. Issue preclusion

Appellants argue that the trial court erred when it dis-missed their claims on the bases that the settlement is res judicata as to appellants' claims and that appellants' claims are collaterally estopped because they were decided in favor of respondents in another case before the same court. We agree.

■ Notwithstanding the ordinarily preclusive effect of a concluded class action suit, absent class members are enti-tled to due process before their claims are subject to the suit's res judicata effect. *See Hospitality Management Associates, Inc. v. Shell Oil Co.*, 356 S.C. 644, 660, 591 S.E.2d 611, 619

(2004) (hereinafter *Hospitality* ). Specifically, before absent class members can be finally bound by the resolution of the class action suit, they are entitled to a limited review on the issues whether sufficient notice was given to putative class members and whether class members had adequate representation. *Id.; see also Richburg v. Baughman*, 290 S.C. 431, 434–35, 351 S.E.2d 164, 166 (1986) (Due process guarantees to persons who never had a chance to present their evidence and arguments on a claim a full and fair opportunity to litigate the relevant issue even when "one or more existing adjudications of the identical issue . . . stand squarely against their position" so long as the litigant was not a party or in privity with a party in the previous suit.).

▆▆▆▆▆ Appellants allege they were deprived of due process in the settlement because it failed to provide either sufficient notice or adequate representation to absent class members. The trial court disagreed. Regarding adequate notice, it held simply that the issue of notice was litigated in Dorchester County, resulting in a final judgment on the merits. Thus, it failed to engage in even limited collateral review whether appellants received minimal notice to satisfy due process. Nor did the trial court analyze appellants' allegations of inadequate representation in the settlement proceedings.[3] Such allegations would, if substantiated, entitle Appellants to a hearing on their underlying claims, so that dismissal on the pleadings was improper. *Doe, supra.*

▆▆▆▆▆ The trial court also held appellants are collaterally estopped from litigating their claims because their issues were actually adjudicated in "a ruling from the same court in favor of these same Defendants" despite the fact that ruling involved a different plaintiff. Appellants argue this was error.

---

3. We note that *Hospitality* was decided in light of deference due to judgments from other states' courts under the Full Faith and Credit clause of the United States Constitution. Review of the procedures provided in a domestic class action does not implicate that clause and raises no similar constitutional tension with the guarantees the Due Process clause provides to absent class members. We do not reach the question whether plaintiffs seeking to avoid the preclusive effect of a domestic class action are entitled to anything more than the limited collateral review available under *Hospitality*. *See also Salmonsen v. CGD, Inc.*, 377 S.C. 442, 457, 661 S.E.2d 81, 90–91 (2008) (quoting *Hospitality* in analysis of domestic class action question).

We agree. Absent a showing appellants were in privity with the plaintiff in the previous proceeding, they are not collaterally estopped from litigating the same issue. *Richburg, supra.*

### III. Statute of limitations

Appellants argue the trial court erred when it found that, even absent the res judicata effect of the settlement, the statute of limitations bars their underlying claims. We agree.

The trial court determined that appellants' claims are independently barred by the statute of limitations. It determined, and appellants do not dispute, that S.C.Code Ann. § 15-3-535 (2005) applies to these claims.[4] Section 15-3-535 requires actions "be commenced within three years after the person knew or by the exercise of reasonable diligence should have known that he had a cause of action." The trial court found appellants were put on notice of their cause of action by the acts of sexual abuse and that none of the alleged actions of concealment could have concealed such harm from them. It held that although three were minors when those acts occurred and the statute was tolled during their minority, the statute of limitations expired at the latest in 1989.[5] Appellants argue the trial court erred because respondents' negligent supervision of an employee is the tort at issue, not the sexual abuse itself. We agree.

An employer may be liable for negligent supervision when (1) his employee intentionally harms another when he is on the employer's premises, is on premises he is privileged to enter only as employee, or is using the employer's chattel; (2) the employer knows or has reason to know he has the ability to control the employee; and (3) the employer knows or has reason to know of the necessity and opportunity to exercise such control. *Degenhart v. Knights of Columbus,* 309 S.C. 114, 116–17, 420 S.E.2d 495, 496 (1992). This rule has been applied to find an employer liable for negligent

---

4. Section 15-3-555, providing a six-year statute of limitations for actions arising out of sexual abuse or incest, became effective in 2001, long after the acts of sexual abuse that gave rise to appellants' claims occurred.

5. It found the youngest appellant was 21 years old in 1986.

supervision when the employee sexually assaulted a minor and the employer had some notice of the employee's prior inappropriate sexual behavior with another minor. *Doe by Doe v. Greenville Hosp. System*, 323 S.C. 33, 40–41, 448 S.E.2d 564, 568 (Ct.App.1994). The employer's liability is direct, not derivative. *James v. Kelly Trucking Co.*, 377 S.C. 628, 631, 661 S.E.2d 329, 331 (2008). Thus, the facts alleged in this case would, if established, make out a claim for this independent cause of action, separate from the sexual abuse itself.

▆▆▆▆ "The statute of limitations on a negligence claim accrues at the time of the negligence, or when facts and circumstances would put a person of common knowledge on notice that he might have a claim against another party (discovery rule)." *Kreutner v. David*, 320 S.C. 283, 285, 465 S.E.2d 88, 90 (1995) (internal footnote omitted). Deliberate acts of deception by a defendant calculated to conceal from a potential plaintiff that he has a cause of action toll the statute of limitations. *Strong v. University of South Carolina School of Medicine*, 316 S.C. 189, 191, 447 S.E.2d 850, 852 (1994).

▆▆▆▆ Appellants allege respondents engaged in a systematic practice of secrecy and concealment of their knowledge of sexual abuse by employees, including the employee who appellants allege committed the abuse at issue. The employer's knowledge of an employee's dangerousness is an element of the tort of negligent supervision. *See Greenville Hospital System, supra.* Thus, appellants' allegations could, if proven, toll the statute of limitations.

## CONCLUSION

We hold the language of the settlement does not waive its res judicata effect as to future claimants, so that appellants are not entitled to treatment as class claimants. However, dismissal on the pleadings was not warranted on the questions whether appellants were deprived of notice or adequate representation in the underlying class settlement and, if so, whether the statute of limitations was tolled on their claim of negligent supervision. Should appellants establish on remand that they were denied due process owing to lack of notice or because of inadequate representation in the class action proceedings, and that the statute of limitations was tolled, they may proceed to

further prosecution of their claims. We therefore affirm in part and reverse in part and remand for further proceedings consistent with this opinion.

**AFFIRMED** in part and **REVERSED** in part and **RE-MANDED.**

TOAL, C.J., BEATTY, KITTREDGE and HEARN, JJ., concur.