Justice PLEICONES.
This is an appeal from an order granting respondent’s Rule 12(b)(6), SCRCP, motion, and dismissing appellants’ claims for trespass, nuisance, negligence, and strict liability. Appellants contend on appeal that the court erred in dismissing the *226 nuisance, negligence, and strict liability claims.[1] We affirm the circuit court’s dismissal of appellants’ nuisance and strict liability causes of action, but reverse the dismissal of the negligence claim.
FACTS
Respondent manufactures electronic parts at a plant in North Myrtle Beach, South Carolina. In 1980, respondent began using a chemical called trichloroethylene (TCE)[2] as a degreaser to clean machine tools and parts. At some point, TCE escaped respondent’s plant and migrated beyond the boundaries of respondent’s property, contaminating surrounding properties and groundwater.
In December 1996, respondent entered into a consent order with the South Carolina Department of Health and Environmental Control (DHEC), in which respondent admitted that it had violated certain state environmental statutes and regulations. DHEC required respondent to implement a plan to clean up the TCE. In 2007, environmental testing performed in a ten block section north of respondent’s plant showed levels of TCE greater than considered safe.
On November 27, 2007, a group of residents who own real property near respondent’s plant filed suit alleging causes of action for trespass, nuisance, negligence, and strict liability. The residents brought the suit both individually and as class representatives pursuant to Rule 23, SCRCP.
The complaint describes two subclasses within the general class definition. Subclass A includes “all persons, partnerships, [or] corporations who own real property in the area defined in paragraph 15 and whose property is contaminated by chemicals which have escaped or have been spilled and left [respondent’s] plant property.” Subclass B includes:
all persons partnerships or corporations who own real property in the areas defined in paragraph 15 of the Complaint but are not contaminated; however these properties adjoin *227 the contaminated area and are in such close proximity that the real property value has been affected or devalued by the chemical release at [respondent’s] plant.
(Emphasis supplied).
Appellants are Subclass B individuals.
The circuit court granted respondent’s Rule 12(b)(6) motion and dismissed appellants’ claims "with prejudice. In dismissing appellants’ trespass, negligence, and strict liability claims, the circuit court stated that such claims “cannot be maintained when there is no evidence that alleged contamination has physically impacted [appellants’] properties.” Further, with respect to appellants’ nuisance claim, the circuit court noted that a claimant must plead an unreasonable interference with the use and enjoyment of his or her property in order to state a claim for nuisance. Therefore, the circuit court found that because their properties are not contaminated, appellants’ allegations did not state a claim for nuisance. Appellants appealed.
ISSUE
Did the circuit court err in dismissing appellants’ nuisance, negligence, and strict liability claims?
ANALYSIS
On appeal from the grant of a Rule 12(b)(6) motion, we are concerned only with whether the allegations of the complaint, which we must accept as true, state a cause of action. E.g., Doe v. Bishop of Charleston, 407 S.C. 128, 754 S.E.2d 494 (2014). Further, novel questions of law should not ordinarily be resolved on a Rule 12(b)(6) motion. E.g., Madison v. Am. Home Prod. Corp., 358 S.C. 449, 595 S.E.2d 493 (2004). Finally, this Court can affirm a lower court’s order for any reason appearing in the record. Rule 220(c), SCACR.
We affirm the circuit court’s dismissal of both appellants’ nuisance and strict liability claims because the complaint alleges actual contamination of the property in pleading both of these causes of action. Since each of these claims was pled only on behalf of the Subclass A plaintiffs and not on behalf of appellants, we uphold the circuit court’s dismissal of these two *228 causes of action pursuant to Rule 220(c), SCACR. As explained below, however, we find the complaint sufficiently pleads a negligence cause of action on behalf of appellants, and therefore reverse the dismissal of this claim.
In Babb v. Lee County Landfill S.C., LLC, 405 S.C. 129, 747 S.E.2d 468 (2013), we held a plaintiff could maintain an environmental negligence suit based upon offensive odors if the complaint alleged either “physical injury [to the plaintiff] or property damage.” Id. at 153, 747 S.E.2d at 481. Here, appellants have pled all four elements of a negligence claim: duty, breach, proximate cause, and damages. In alleging damages, appellants contend that their property is “worthless,” “damaged,” and “devalued” by the “harmful” and “dangerous” chemicals on the real property that adjoins their properties. This pleading raises the novel question[3] whether South Carolina will recognize “stigma damages.” We reverse the circuit court’s dismissal under Rule 12(b)(6), SCRCP, because this case raises a novel question of law. Madison v. Am. Home Prod. Corp., 358 S.C. at 451, 595 S.E.2d at 494.
Further development of the facts may demonstrate that appellants’ property has in fact lost value due to its proximity to the property contaminated by TCE, or that the contamination has been remediated and the alleged stigma ameliorated. The creation of a factual record will allow us to decide whether to adopt a “no stigma damages rule;” an “all stigma damages rule;” or a modified rule. See Diminished Property Value Due to Environmental Contamination, 33 Am. Jur. 3d Proof of Facts § 163 (1995 and Supp. 2014) (explaining the differing approaches to stigma damages).
CONCLUSION
For the reasons given above, the circuit court’s order is
AFFIRMED IN PART AND REVERSED IN PART.
*229 BEATTY and HEARN, JJ., concur.
TOAL, C.J., concurring in part and dissenting in part in a separate opinion in which KITTREDGE, J., concurs.

. They do not appeal the dismissal of their trespass claim.

. The Environmental Protection Agency has designated TCE as a volatile organic compound. Because TCE is slightly heavier than water, it is difficult to extract if spilled into the ground.

. Compare Gray v. Southern Facilities, Inc., 256 S.C. 558, 183 S.E.2d 438 (1971) (holding that appellant failed to prove that the stigma damages to his real property were attributable to the single act of the named defendant and therefore does not decide whether we will allow recovery for this type of property damage).