**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Supreme Court**

Nadene Holliday, Individually and as Personal Representative of the Estate of David Holliday, Appellant,

v.

Waccamaw Community Hospital and Kent M. McGinley, M.D., Defendants,

of whom Waccamaw Community Hospital is the Respondent.

Appellate Case No. 2015-000331

———————

Appeal from Georgetown County
Diane S. Goodstein, Circuit Court Judge

———————

Memorandum Opinion No. 2015-MO-070
Heard October 20, 2015 – Filed December 2, 2015

———————

**REVERSED AND REMANDED**

———————

Richard S. Rosen, Andrew D. Gowdown, and Elizabeth J. Palmer, all of Rosen, Rosen & Hagood, L.L.C., of Charleston, for Appellant.

William W. Doar, Jr. and Richard M. Smith, both of McNair Law Firm, P.A., of Pawleys Island, for Respondent.

Russell T. Burke, of Nexsen Pruet, LLC, of Columbia, for Amicus Curiae, South Carolina Hospital Association.

---

**PER CURIAM:**  In this direct appeal, Appellant challenges the granting of Respondent Waccamaw Community Hospital's (the Hospital) motion to dismiss the Second Amended Complaint (the Complaint) pursuant to Rule 12(b)(6), SCRCP.[1]  The trial court dismissed the negligent credentialing claim against the Hospital on the basis that "South Carolina does not recognize a cause of action for negligent credentialing" against a hospital.  We reverse and remand.

We note that the Hospital appears to agree that the trial court erred, for the Hospital asserts the claim is governed by section 44-7-390 of the South Carolina Code,[2] which impliedly recognizes the cause of action by providing hospitals immunity in many, but not all, situations.  *See Riverwoods, L.L.C. v. Cnty. of Charleston*, 349 S.C. 378, 384, 563 S.E.2d 651, 655 (2002) ("'The canon of construction *expressio unius est exclusio alterius* or *inclusio unius est exclusio alterius* holds that to express or include one thing implies the exclusion of another,

---

[1] On appeal, the parties have ignored the Rule 12(b)(6) posture of the case and presented arguments and purported facts well beyond the Complaint.  Our decision today must, and does, rest solely on the allegations set forth in the Complaint.  *See, e.g.*, *Doe v. Marion*, 373 S.C. 390, 395, 645 S.E.2d 245, 247 (2007) ("In considering a motion to dismiss a complaint based on a failure to state facts sufficient to constitute a cause of action, the . . . court must base its ruling solely on allegations set forth in the complaint." (citing *Spence v. Spence*, 368 S.C. 106, 116, 628 S.E.2d 869, 874 (2006))).

[2] "There is no monetary liability on the part of, and no cause of action for damages arising against, a hospital . . . for any act or proceeding undertaken or performed without malice, made after reasonable effort to obtain the facts, and the action taken was in the belief that it is warranted by the facts known, arising out of or relating to . . . the medical staff credentialing process, provided the medical staff operates pursuant to written bylaws . . . ."  S.C. Code Ann. § 44-7-390(4) (Supp. 2014).

or of the alternative.'" (quoting *Hodges v. Rainey*, 341 S.C. 79, 86, 533 S.E.2d 578, 582 (2000)) (internal quotation marks omitted)).  Yet, section 44-7-390 was enacted in 2012 and, according to its enabling legislation, only "applies to any investigative action . . . where the underlying event giving rise to the investigation occurs on or after the effective date," which was June 26, 2012.  Act No. 275, § 3, 2012 S.C. Acts 2251, 2258.  Here, the basis for this suit, namely Dr. Kent M. McGinley's drug problems, subsequent reappointment to Waccamaw's medical staff, and alleged medical malpractice, all occurred between 2005 and 2007, well before the statute's effective date.  Therefore, section 44-7-390 does not apply to this case, and this Court may not impose the statute's strict requirements on Appellant.

We are thus presented with a question of law: at the time of the alleged medical negligence in 2007, did South Carolina recognize a cause of action against a hospital for negligent credentialing?  We hold such a claim could exist based on the allegations in the Complaint, which we are bound to accept as true under the Rule 12(b)(6) standard of review.  *E.g.*, *Doe v. Bishop of Charleston*, 407 S.C. 128, 134, 754 S.E.2d 494, 497–98 (2014) ("When reviewing a motion to dismiss for failure to state facts sufficient to constitute a cause of action, the pleadings must be construed liberally, and all well pled facts must be presumed true." (footnote omitted) (citing *Charleston Cnty. Sch. Dist. v. Harrell*, 393 S.C. 552, 557, 713 S.E.2d 604, 607 (2011))); *cf. Chestnut v. AVX Corp.*, 413 S.C. 224, 227, 776 S.E.2d 82, 84 (2015) ("[N]ovel questions of law should not ordinarily be resolved on a Rule 12(b)(6) motion.").  The common law would support a claim for negligence where a party undertakes to perform a duty and discharges that duty in a negligent manner, and it would hold the negligent party liable for damages proximately caused by that negligence.  *See, e.g.*, *S.C. State Ports Auth. v. Booz-Allen & Hamilton, Inc.*, 289 S.C. 373, 376, 346 S.E.2d 324, 325 (1986) ("A cause of action for negligence requires[] (1) the existence of a duty on the part of the defendant to protect the plaintiff; (2) the failure of the defendant to discharge the duty; [and] (3) injury to the plaintiff resulting from the defendant's failure to perform." (citing *Winburn v. Ins. Co. of N. Am.*, 287 S.C. 435, 443, 339 S.E.2d 142, 147 (Ct. App. 1985))); *Fitzer v. Greater Greenville S.C. YMCA*, 277 S.C. 1, 3, 282 S.E.2d 230, 231 (1981) ("There is no tenet more fundamental in our law than liability follows the tortious wrongdoer."), *superseded by statute*, Act No. 461, § 1, 1994 S.C. Acts 4951, 4963–64 (codified as amended at S.C. Code Ann. § 33-56-180 (2006)), *as recognized in Simmons v. Tuomey Reg'l Med. Ctr.*, 341 S.C. 32, 41 n.3, 533 S.E.2d 312, 317 n.3 (2000).  Here, the Complaint alleges that the Hospital undertook to determine the granting or withholding of hospital privileges to Dr.

McGinley and did so in a negligent manner, which negligence proximately caused Appellant's injuries. Those allegations are enough to survive a motion to dismiss under Rule 12(b)(6), SCRCP.

We acknowledge the Hospital's argument that Appellant will be unable to establish the element of proximate cause, for the Hospital asserts that the underlying malpractice claim has no nexus to the prior suspension of Dr. McGinley's hospital privileges and license to practice medicine. To be sure, a negligent credentialing claim, to be successful, must allege and prove that the alleged negligent credentialing was a proximate cause of the underlying claim of malpractice and resulting injury. *Cf. Bramlette v. Charter-Med.-Columbia*, 302 S.C. 68, 72, 393 S.E.2d 914, 916 (1990) ("As in any negligence action, the plaintiff in a medical malpractice action must establish proximate cause." (citing *Hanselmann v. McCardle*, 275 S.C. 46, 48, 267 S.E.2d 531, 533 (1980))). Where the alleged negligent credentialing has no nexus to the underlying claim of malpractice, a negligent credentialing claim cannot be sustained. Perhaps the Hospital will explore this issue on remand, together with other considerations, including policy considerations, not currently before this Court.


**REVERSED AND REMANDED.**

**TOAL, C.J., BEATTY, KITTREDGE, HEARN, JJ., and Acting Justice James E. Moore, concur.**