**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Ernest McKnight, Appellant,

v.

Anna Michelle Porcher, Eugene D. Gathers, Estate of Ned Wright, Estate of Hattie Gasden, Edward Wright, Estate of Samuel Wright, James Wright, Estate of Earline Wright Maxwell, Ida Wright, Estate of Wileminia Wright, Henry Wright, Jr., Estate of Henry Wright, Estate of Ernestine Wright, Estate of Samuel Wright, Edward Wright, Estate of James Wright, Estate of Oscar Wright, Martha Wright, Estate of Leroy Wright, Estate of Edward Wright, Estate of Harold Wright, Estate of Charles Wright, Jr., Estate of Hattie Wright Gaston a/k/a Hattie Wright Gadsden, Estate of Earline Wright, Estate of Annie Wright, Walter Nathaniel Porcher, III, Keisha Kenyatta Porcher, and John Doe and Mary Roe, fictitious Names representing unknown minors, incompetents, persons in the military service within the meaning of Title 50, United States Code, commonly referred to as The Service Members Civil Relief Act of 2003, Persons imprisoned, and persons under any other legal disability and fictitious names representing unknown heirs, devisees, distributes, or personal representatives of any deceased persons, Respondents.

Appellate Case No. 2017-002523

Appeal From Charleston County
Kristi Lea Harrington, Circuit Court Judge

Unpublished Opinion No. 2020-UP-320
Submitted November 1, 2020 – Filed November 25, 2020

**AFFIRMED**

Willie Bruce Heyward, of Heirs Property Law Center,
LLC, of Charleston, for Appellant.

Jonathan Scott Altman, of Derfner & Altman, LLC, of
Charleston, for Respondents.

**PER CURIAM:** Ernest McKnight appeals the circuit court's order granting Anna
Michelle Porcher's and Eugene D. Gathers's motions to dismiss pursuant to res
judicata and collateral estoppel. On appeal, McKnight argues (1) the circuit court
erred by dismissing his action pursuant to res judicata and collateral estoppel and
(2) he had a statutory right of first refusal pursuant to section 15-61-25 of the South
Carolina Code (2005). Because McKnight filed an action against Porcher and
Gathers in 2015 that concerned the same issues McKnight asserts in this case and
the circuit court dismissed McKnight's 2015 action based on res judicata, we affirm
pursuant to Rule 220(b), SCACR, and the following authorities: *Doe v. Bishop of
Charleston*, 407 S.C. 128, 134, 754 S.E.2d 494, 497 (2014) ("When reviewing the
dismissal of an action pursuant to Rule 12(b)(6), SCRCP, the appellate court
applies the same standard of review as the trial court."); *id.* ("If the facts alleged
and inferences reasonably deducible from the allegations set forth in the complaint,
viewed in the light most favorable to the plaintiff, entitle him to relief on any
theory, dismissal under Rule 12(b)(6) is improper."); *Crestwood Golf Club, Inc. v.
Potter*, 328 S.C. 201, 216, 493 S.E.2d 826, 834 (1997) ("The term res judicata
encompasses two types of preclusion: claim preclusion and issue preclusion."); *id.*
at 216, 493 S.E.2d at 834-35 ("Issue preclusion and claim preclusion have
historically been called collateral estoppel and bar or merger respectively."
(quoting *Pedrina v. Chun*, 906 F. Supp. 1377, 1399 n.8 (D. Haw. 1995))); *id.* at
216, 493 S.E.2d at 835 ("Issue preclusion only bars relitigation of particular issues
actually litigated and decided in the prior suit." (quoting *Pedrina*, 906 F. Supp. at
1399)); *id.* ("Claim preclusion . . . bars plaintiffs from pursuing successive suits
where the claim was litigated or could have been litigated." (omission by court)
(quoting *Pedrina*, 906 F. Supp. at 1399)); *Carolina Renewal, Inc. v. S.C. Dep't of*

*Transp.,* 385 S.C. 550, 554, 684 S.E.2d 779, 782 (Ct. App. 2009) ("The party asserting [issue preclusion] must demonstrate that the issue in the present lawsuit was: (1) actually litigated in the prior action; (2) directly determined in the prior action; and (3) necessary to support the prior judgment."); *Johnson v. Greenwood Mills, Inc.*, 317 S.C. 248, 250-51, 452 S.E.2d 832, 833 (1994) ("[Claim preclusion] is shown if (1) the identities of the parties [are] the same as a prior litigation; (2) the subject matter is the same as the prior litigation; and (3) there was a prior adjudication of the issue by a court of competent jurisdiction.").

**AFFIRMED.**[1]

**THOMAS, HILL, and HEWITT, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.