# THE STATE OF SOUTH CAROLINA
## In The Court of Appeals

Charles Blanchard Construction Corp., Inc., Respondent,

v.

480 King Street, LLC, Defendant,

And

480 King Street, LLC, Plaintiff,

v.

Glick/Boehm & Associates, Inc., Defendant,

Of Whom 480 King Street, LLC is the Appellant,

And

Glick/Boehm & Associates, Inc. is the Respondent.

Appellate Case No. 2021-001510

―――――――――

Appeal From Charleston County
Jennifer B. McCoy, Circuit Court Judge

―――――――――

Opinion No. 6060
Heard December 5, 2023 – Filed May 22, 2024

―――――――――

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED**

―――――――――

Jesse Sanchez, of The Law Office of Jesse Sanchez, of

Mount Pleasant, and Brent Souther Halversen, of
Halversen & Halversen, LLC, of Mount Pleasant, both
for Appellant.

Kent Taylor Stair, Paul Eliot Sperry, and Jordan N.
Teich, all of Copeland, Stair, Valz & Lovell, LLP, of
Charleston, for Respondent.

---

**LOCKEMY, A.J.:**  480 King Street, LLC (480 King), appeals a circuit court order dismissing its action against Glick/Boehm & Associates, Inc. (GBA) with prejudice on the ground that 480 King failed to provide an affidavit in support of its claims as required by section 15-36-100 of the South Carolina Code (Supp. 2023).  We affirm in part, reverse in part, and remand.

On June 26, 2017, 480 King filed an action against GBA, the architect of record for a construction project on property owned by 480 King.  In its complaint, 480 King alleged claims for breach of contract, breach of warranty, and negligence arising from GBA's performance.  Pursuant to section 15-36-100(B), 480 King was required to file with its complaint "an affidavit of an expert witness . . . specify[ing] at least one negligent act or omission claimed to exist and the factual basis for each claim based on the available evidence at the time of the filing of the affidavit."  480 King did not submit such an affidavit either with its complaint or within the forty-five-day grace period provided in section 15-36-100(C)(1).  Nevertheless, on November 17, 2017, Circuit Court Judge J. C. Nicholson signed an order extending the deadline for 480 King to file the required affidavit to November 27, 2017, and further stated that "[u]pon filing of the affidavit by this date, [480 King] will have been deemed to be in compliance with the requirements of [section 15-36-100(B)]."  Judge Nicholson also gave GBA thirty days from the date of the filing of the affidavit to file a motion contesting its sufficiency.

480 King filed an affidavit from its retained expert on November 20, 2017, and GBA did not move to challenge its sufficiency within thirty days of its filing.  In his affidavit, 480 King's expert stated he was a professional engineer; he held registrations in South Carolina, North Carolina, Florida, Louisiana, Ohio, and Mississippi; and he was actively investigating the project giving rise to 480 King's action against GBA.

As discovery in the case progressed, the expert gave multiple depositions.  In these depositions, he indicated he did not intend to offer a professional opinion about the

standard of care applicable to architects and did not feel "comfortable" talking "specifically about the architect's standard of care." He testified he felt "comfortable talking about the standard of care that a professional would provide in either giving or completing construction administration services, whether that be an architect or an engineer" and explained "[t]hose services are similar across the board of professionals."

On June 28, 2021, GBA moved to dismiss 480 King's lawsuit pursuant to Rule 12(b)(6), SCRCP, on the ground that 480 King's retained expert was not qualified to give an opinion about the standard of care applicable to an architect. In its written opposition and at the hearing before Circuit Court Judge Jennifer B. McCoy, 480 King argued GBA's motion was untimely pursuant to the terms of Judge Nicholson's order. 480 King clarified that the expert stated that he could discuss the standard of care applicable to construction administration services provided by either a professional engineer or architect because of similarities between the two professions. Judge McCoy stated that, although she understood 480 King's "logic," she had "to go back to [the] legislative intent" behind section 15-36-100. Judge McCoy stated she believed allowing the expert to testify "as to whether or not an architect [breaches a] standard of care" would "fl[y] in the face of the statute." She explained she understood "sometimes duties overlap between professions" but that allowing this expert to testify would not comport with South Carolina law.

On December 16, 2021, the circuit court dismissed 480 King's action against GBA, finding 480 King failed to present an affidavit in support of its claims as required by section 15-36-100. The circuit court ruled the expert's "failure to express any opinion against [GBA] in terms of the standard of care of an [a]rchitect" and his acknowledgment that he did not intend to offer an opinion, professional or otherwise, about the standard of care of an architect, warranted a finding that 480 King "failed to present an affidavit in support of the claims against [GBA] as required by [section 15-36-100]"; therefore, GBA's motion to dismiss "must be granted."

480 King argues Judge McCoy's order ignores that 480 King's complaint asserts causes of action against GBA in both tort and in contract, and thus some of its claims were exempt from the affidavit requirement of 15-36-100. 480 King asserts the circuit court erred in holding all of its causes of action were based on GBA's allegedly negligent performance of professional services as an architect. We find that if all of the claims included in the complaint were grounded in professional negligence and the affidavit failed to meet the requirements of section 15-36-100,

the circuit court would not have erred in dismissing the entire complaint. *See e.g., H & H of Johnston, LLC v. Old Republic Nat. Title Ins. Co.*, 405 S.C. 469, 748 S.E.2d 72 (Ct. App. 2013) (holding circuit court properly granted summary judgment on behalf of a closing attorney being sued by a plaintiff claiming breach of contract because professional negligence claims were subject to section 15-36-100's affidavit requirement; however, triable issues of fact remained as to existence of oral contract related to title insurance). But 480 King raised breach of contract and warranty claims arguably not subject to the contemporaneous affidavit filing requirement of section 15-36-100. Based on the language of 480 King's complaint and the record before us, we are unable to agree that the breach of contract and breach of warranty claims were properly dismissed at this stage of the litigation.

480 King also argues that the thirty-day period Judge Nicholson's order provided for GBA to contest the sufficiency of the expert's affidavit operated as a bar against GBA's belated motion to dismiss. We disagree with 480 King's contention that Judge McCoy overruled Judge Nicholson's order. There was good cause for GBA to contest the sufficiency of the expert's affidavit after further information was uncovered in his three depositions; therefore, Judge McCoy did not err in allowing GBA to make the motion.[1] *See* S.C. Code Ann. § 15-36-100(E). ("The trial court may, in the exercise of its discretion, extend the time for filing an amendment or response to the motion, or both, as the trial court determines justice requires.").

Nevertheless, based on our view of the record, we hold the circuit court erred in dismissing the entirety of 480 King's action. *See Doe v. Bishop of Charleston*, 407 S.C. 128, 134, 754 S.E.2d 494, 497 (2014) ("When reviewing the dismissal of an action pursuant to Rule 12(b)(6), SCRCP, the appellate court applies the same standard of review as the trial court."). Under subsection (E) of section 15-36-100, an allegedly defective affidavit can be grounds to dismiss the corresponding complaint "for failure to state a claim." Dismissal is improper "[i]f the facts alleged and inferences reasonably deducible therefrom, *viewed in the light most favorable to the plaintiff*, would entitle the plaintiff to relief on *any* theory." *Doe v. Marion*, 373 S.C. 390, 395, 645 S.E.2d 245, 247 (2007) (emphasis added). "Questions of law may be decided with no particular deference to the trial court." *Wiegand v. U.S. Auto. Ass'n*, 391 S.C. 159, 163, 705 S.E.2d 432, 434 (2011).

---

[1] Discovery had proceeded for years with much information disclosed by both sides. Therefore, GBA could have raised its objection to the sufficiency of the affidavit through a motion to exclude and for summary judgment. In any event, GBA's filing here is not controlled by Judge Nicholson's November 2017 order.

Under section 15-36-100(A), an "expert witness" means "an expert who is qualified as to the acceptable conduct of the professional whose conduct is at issue . . . ." Although this subsection includes numerous additional requirements, none specify that the expert witness must be a professional in the same field as the defendant. Section 15-36-100(A)(3) allows the submission of an affidavit from an individual who "has scientific, technical, or other specialized knowledge which may assist the trier of fact in understanding the evidence and determining a fact or issue in the case, by reason of the individual's study, experience, or both." Additionally, the statutory definitions of the "Practice of engineering" and "Design coordination" further clarify the expert's ability to satisfy the affidavit requirement for an expert witness pursuant to section 15-36-100. *See* S.C. Code § 40-22-20 (Supp. 2023) (defining the "Practice of engineering" as requiring education, training, and experience in "design and design coordination" and "the review of construction for the purpose of monitoring compliance with drawings and specifications" and "Design coordination" as including "the review and coordination of those technical submissions prepared by others, including . . . architects").

At oral argument, 480 King's appellate counsel noted architectural and engineering services at times overlap, particularly in the area of contract administration. In his depositions, 480 King's expert testified as to his experience as an engineer providing construction contract administration services. Thus, to the extent the circuit court dismissed 480 King's claims relating to contract administration services for which an engineer may be properly qualified, we reverse. However, we affirm the dismissal of 480 King's negligent design and supervision claims to the extent they require testimony by an expert qualified to address an architect's standard of care.[2]

Therefore, we affirm in part, reverse in part, and remand this matter to the circuit court for further proceedings.

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**

---

[2] We recognize it may be difficult to delineate the engineering and architectural categories. A properly supported motion for summary judgment may be required to aid this sorting process; the parties will also likely need to address whether 480 King's breach of contract and warranty claims are truly disguised claims for architectural negligence or claims about which a non-architect engineer may properly testify.

**MCDONALD and VINSON, JJ. concur.**