**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Christopher Shimeld, Appellant,

v.

Richland County Sheriff's Office, Respondent.

Appellate Case No. 2022-000447

———————

Appeal From Richland County
Alison Renee Lee, Circuit Court Judge

———————

Unpublished Opinion No. 2024-UP-207
Submitted May 1, 2024 – Filed June 5, 2024

———————

**AFFIRMED**

———————

Joshua Snow Kendrick, of Kendrick & Leonard, P.C., of Greenville; and Christopher Shannon Leonard, of Kendrick & Leonard, P.C., of Columbia, both for Appellant.

Andrew F. Lindemann, of Lindemann Law Firm, P.A., and Robert David Garfield, of Crowe LaFave Garfield & Bagley, LLC, both of Columbia, for Respondent.

———————

**PER CURIAM:** Christopher Shimeld appeals the circuit court's order granting summary judgment in favor of the Richland County Sheriff's Office (RCSD)[1] as to his claims of malicious prosecution, negligent supervision, and false imprisonment. Shimeld argues the circuit court erred because (1) RCSD was not entitled to absolute immunity under section 15-78-60(23) of the South Carolina Code (2005), a subsection of the South Carolina Tort Claims Act[2] (the Act); (2) a genuine issue of material fact existed as to whether RCSD had probable cause to support the issuance of a warrant for Shimeld's arrest; and (3) a genuine issue of material fact existed as to whether RCSD negligently supervised its investigator. We affirm pursuant to Rule 220(b), SCACR.

1. We hold the circuit court did not err by granting summary judgment in favor of RCSD as to Shimeld's malicious prosecution claim because Shimeld failed to show the existence of a genuine issue of material fact regarding whether probable cause supported the arrest warrant. *See Singleton v. Sherer*, 377 S.C. 185, 197, 659 S.E.2d 196, 202 (Ct. App. 2008) ("On appeal from an order granting summary judgment, the appellate court will review all ambiguities, conclusions, and inferences arising in and from the evidence in a light most favorable to the non-moving party."); *Kitchen Planners, LLC v. Friedman*, 440 S.C. 456, 463, 892 S.E.2d 297, 301 (2023) (affirming summary judgment because the appellant presented only a "scintilla" of evidence, which "does not provide a meaningful factual basis on which a factfinder could determine if" it had perfected its lien timely). We find probable cause existed because the investigator testified (1) she had evidence of Shimeld's fingerprint on the store's alarm system box with no plausible reason for it being there; (2) the store's alarm company confirmed they never employed Shimeld; and (3) the store manager identified Shimeld—from a photo lineup—as an acquaintance of the person who installed the store's alarm system. *See Law v. S.C. Dep't of Corr.*, 368 S.C. 424, 435, 629 S.E.2d 642, 648 (2006) ("An action for malicious prosecution fails if the plaintiff cannot prove each of the required elements by a preponderance of the evidence, including malice and lack of probable cause."); *id.* at 436, 629 S.E.2d at 649 ("Probable cause means 'the extent of such facts and circumstances as would excite the belief in a reasonable

---

[1] The circuit court noted the parties referred to Respondent as "Richland County Sheriff's Office" and "Richland County Sheriff's Department," which are not the proper legal entity. The circuit court determined the proper party name for Respondent is the "Sheriff of Richland County in his official capacity" and noted that Appellant consented to a substitution to reflect the appropriate party name. We will consistently refer to Respondent as "RCSD" like the circuit court.

[2] S.C. Code Ann. § § 15-78-10 to -220 (2005 & Supp. 2023).

mind acting on the facts within the knowledge of the prosecutor that the person charged was guilty of a crime for which he has been charged . . . .'" (quoting *Parrott v. Plowden Motor Co.*, 246 S.C. 318, 322, 143 S.E.2d 607, 609 (1965)); *Parrott*, 246 S.C. at 323, 143 S.E.2d at 609 (finding probable cause existed for a warrant based on facts limited to what the officers learned from the victim after they attempted to reach the plaintiff multiple times but were unable to interview him prior to arrest). Therefore, we hold the circuit court did not err in finding the investigator had probable cause to support the warrant and granting summary judgment on this issue. *See Jackson v. City of Abbeville*, 366 S.C. 662, 623 S.E.2d 656, 660 (Ct. App. 2005) ("Although the question of whether probable cause exists is ordinarily a jury question, it may be decided as a matter of law when the evidence yields but one conclusion.").[3]

2. We hold the circuit court did not err in granting summary judgment as to the claim of negligent supervision because Shimeld failed to show a genuine issue of material fact existed as to whether RCSD was negligent. *See Kitchen Planners*, 440 S.C. at 461, 892 S.E.2d at 300 ("[T]he party opposing the motion [must] show a 'reasonable inference' to be drawn from the evidence."). Shimeld did not produce any evidence of past misconduct by the investigator such that RCSD knew or should have known of a need to exercise control over its employee. *See Doe v. Bishop of Charleston*, 407 S.C. 128, 139, 754 S.E.2d 494, 500 (2014) ("An employer may be liable for negligent supervision when (1) his employee intentionally harms another when he is on the employer's premises, is on premises he is privileged to enter only as employee, or is using the employer's chattel; (2) the employer knows or has reason to know he has the ability to control the employee; and (3) the employer knows or has reason to know of the necessity and opportunity to exercise such control."); *id.* at 140, 754 S.E.2d at 501 ("The employer's knowledge of an employee's dangerousness is an element of the tort of negligent supervision.").

**AFFIRMED.**[4]

**WILLIAMS, C.J., and KONDUROS and TURNER, JJ., concur.**

---

[3] Because we affirm the circuit court on the question of probable cause, we decline to address Shimeld's remaining argument regarding immunity. *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (stating appellate courts need not address remaining issues when the disposition of prior issues is dispositive).

[4] We decide this case without oral argument pursuant to Rule 215, SCACR.